**Angelo Frank LUGO, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 19780.**

United States Court of Appeals
Ninth Circuit.

Sept. 20, 1965.

Joseph A. Forest, San Rafael, Cal., for appellant.

Manuel L. Real, U. S. Atty., John K. Van de Kamp, Asst. U. S. Atty., Chief, Crim. Div., J. Brin Schulman, Asst. U. S. Atty., Asst. Chief, Crim. Div., Phillip W. Johnson, Shelby Gott, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before BARNES, BASTIAN and MERRILL, Circuit Judges.

BASTIAN, Circuit Judge.

This is an appeal by one of two codefendants, both of whom were convicted of knowingly importing a narcotic drug [heroin] into the United States, contrary to 21 U.S.C. § 173, and knowingly receiving, concealing and facilitating the transportation and concealment of the same drug contrary to 21 U.S.C. § 174.

Appellant urges two points on appeal: that he was denied his Sixth Amendment right to the effective assistance of counsel by virtue of the fact that one attorney represented both appellant and his codefendant, and that it was error for the court to allow substitution of attorneys only one day before the time of trial without granting a continuance to allow proper preparation of appellant's defense. The facts which underlie these claims are as follows.

When appellant Lugo and his codefendant Santiago were arraigned on July 13, 1964, one Wallace W. Rock, Esq., who had been retained as legal counsel by Santiago, entered a general appearance for Santiago and a special appearance for Lugo. On August 11, at which time a continuance of the trial was granted, Rock again appeared specially for Lugo, stating that he understood that one George Walker, Esq., would represent Lugo, but that Walker could not be present at that time. On September 4, Rock filed a motion to suppress on behalf of both defendants. An affidavit from each defendant was attached to the motion in support thereof. Then, in open court on September 9, for the purpose of setting the trial date, Rock advised the court that Walker would not represent Lugo and that he, Rock, would act as Lugo's counsel. Thereupon, the court inquired of Lugo if Rock was to be his attorney and Lugo answered in the affirmative. Trial was set for, and it began on, September 10.

At trial, both appellant Lugo and his codefendant Santiago were represented by Rock, and identical defenses—total disclaimer of knowledge as to how the narcotics got into their car—were presented by the defendants, and each backed-up the other's story.

It is true that where one attorney represents two codefendants, a conflict of interest which denies one or both of the defendants the effective assistance of counsel is a distinct possibility. When such a conflict exists, the conviction cannot stand. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942). On the other hand, absent a conflict of interest which interferes with the proper presentation of the defense of one of the codefendants, the mere fact that both are represented by the same attorney is not grounds for reversal. Gonzales v. United States, 314 F.2d 750 (9th Cir. 1963). There has been no showing of any conflict of interest between Lugo and Santiago in this case, nor have we found any in our review of the record. Also, nothing indicates that Rock failed to give Lugo's defense the attention it required.

All the cases cited to us by appellant involved obvious conflicts of interest, and while we cannot indulge in nice calculations about the amount of prejudice which results from a conflict of interest [Glasser, supra], neither can we create a conflict of interest out of mere conjecture as to what might have been shown.

Regarding the allegation that a continuance should have been granted the day before trial, it suffices to point out that appellant was represented in fact

by Attorney Rock in all preliminary matters as well as at trial, so Rock was undoubtedly familiar with appellant's case, that appellant entered the same defense used by his codefendant, and that there was no objection to the dual representation and no request for a continuance at any time.

Accordingly, since we find neither error nor constitutional infirmity, the conviction must be affirmed.

Affirmed.