COMMONWEALTH *vs.* WILLIE A. SMITH.

Suffolk.    September 12, 1972. – January 10, 1973.

Present: TAURO, C.J., QUIRICO, BRAUCHER, & HENNESSEY, JJ.

*Practice, Criminal,* Assistance of counsel.  *Conflict of Interest.*

A defendant whose attorney had previously defended a prosecution
witness on unrelated charges was not deprived of his constitutional
right to the effective assistance of counsel, where counsel's repre-
sentation of the witness terminated prior to defendant's trial and
there was no showing that counsel had confidential information
which inhibited his cross-examination of the witness.  [783–784]

INDICTMENTS found and returned in the Superior Court
on February 4, 1970.

The cases were tried before *Thompson,* J., and a motion
for a new trial was heard by him.

*Robert V. Greco* for the defendant.

*Alan Chapman,* Assistant District Attorney, for the
Commonwealth.

HENNESSEY, J.    Smith appeals under G. L. c. 278,
§§ 33A–33G, from a denial of his motion for a new trial,
after he was convicted on June 18, 1970, for the illegal
sale of heroin and the illegal possession of a firearm.   He
assigns as error the ineffective assistance of counsel in
violation of the Sixth and Fourteenth Amendments to
the United States Constitution because of an alleged con-
flict of interest.

The two indictments against Smith arose out of events
which occurred on December 26, 1969, when Smith was
arrested for an unlawful sale of heroin to one Reed.   Reed
was also arrested at that time.   Reed subsequently pleaded
guilty to the unlawful possession of heroin, and received
a suspended sentence.

On a subsequent unrelated occasion, Reed was again
charged with unlawful possession of heroin.   Smith was
not involved in that case.   The court appointed Mr.

Crowley on June 11, 1970, to represent Reed for this new offence. He was tried, convicted and sentenced on that same day. Reed withdrew his appeal just four days later, on June 15, 1970.

The same attorney, Mr. Crowley, represented Smith on the two indictments against him, from February 10, 1970, through his trial which began on June 16, 1970, and ended two days later on June 18. Guilty verdicts were returned against Smith on both indictments. Reed was called as a witness by the Commonwealth, and was cross-examined by Smith's attorney, Mr. Crowley. Smith later moved for a new trial on the ground that he had been denied the effective assistance of counsel because his lawyer had on a separate occasion represented the witness Reed. This motion was denied after hearing, and he appealed.

1. It is clear that a defendant is denied the effective assistance of counsel, guaranteed to him by the Sixth and Fourteenth Amendments to the United States Constitution, where his attorney represents interests that conflict with those of the defendant. *Glasser* v. *United States*, 315 U. S. 60, 75–76. In this case there is no showing of any conflict of interest on the part of Mr. Crowley, Smith's attorney, such as to have impaired his effectiveness as an attorney. Although Mr. Crowley represented both Smith and Reed between June 11 and June 15, on unrelated cases, his representation of Reed had ended before the trial of Smith commenced on June 16. See *People* v. *Wos*, 395 Ill. 172, 177–178. There is nothing to show that Mr. Crowley owed Reed any continuing duty of loyalty at the time of Smith's trial, or that Mr. Crowley was inhibited in his cross-examination of Reed at the trial.

There is no application here of the rule that an attorney's representation of one who consents to be a government witness is not yet ended where the witness testifies prior to his own sentencing. See *United States* v. *Hayman*, 342 U. S. 205; *United States ex rel. Platts* v. *Myers*, 253 F. Supp. 23 (E. D. Pa.) ; *People* v. *Ware*, 39 Ill. 2d

66; *State* v. *Ebinger*, 97 N. J. Super. 23. An attorney representing both the defendant and a prosecution witness who is awaiting sentence may be hindered in the cross-examination of the witness. A vigorous attack on the credibility of the witness may reduce his chance for a favorable sentence. However, in the present case Reed had already been sentenced when Smith's trial began.

Smith might well be entitled to relief if there were a showing that Mr. Crowley was given confidential information by Reed that served to restrict his cross-examination of Reed. See *Olshen* v. *McMann*, 378 F. 2d 993 (2d Cir.); *United States ex rel. Williamson* v. *LaVallee*, 282 F. Supp. 968 (E. D. N. Y.); *Scott* v. *District of Columbia*, 99 Atl. 2d 641 (Mun. Ct. App. D. C.), affd. sub nom. *District of Columbia* v. *Scott*, 214 F. 2d 860 (D. C. Cir.). Not only was no such showing made here, but the possibility of such an occurrence was extremely unlikely. It was shown that Mr. Crowley's contact with Reed in the preparation and presentation of his defence was a brief one, measured in a few hours. The defence of Reed concerned an event which had no connection with Reed's alleged transaction with Smith on December 26, 1969.

We have reviewed the entire record before us, including the transcript of the trial and the evidence at the hearing on the motion for a new trial. We conclude that Smith's contention that Mr. Crowley was inhibited in his cross-examination of Reed, because of confidential communications by Reed or for any other reason, is no more than speculation. A conflict of interest such as to deny to a defendant the effective assistance of counsel must be shown by evidence. See *Glasser* v. *United States*, 315 U. S. 60. Compare *Commonwealth* v. *McGrath*, 361 Mass. 431, 438.

2. Since we have found that no conflict of interest exists, we have no reason to decide whether, a conflict having been proven, prejudice must be shown. We note, however, that language [1] in the *Glasser* case suggests that

---

[1] "To determine the precise degree of prejudice sustained . . . is at once difficult and unnecessary. The right to have the assistance of

a harmless error rule has no place in a case where a conflict of interest appears in the record.

*Judgments affirmed.*

---

counsel is too fundamental and absolute to allow courts to indulge in nice calculations as to the amount of prejudice arising from its denial." 315 U. S. at 75–76.   See *United States ex rel. Platts* v. *Myers,* 253 F. Supp. 23, 25  (E. D. Pa.) ;  *United States ex rel. Williamson* v. *LaVallee,* 282 F. Supp. 968, 972  (E. D. N. Y.) ; *Commonwealth ex rel. Whitling* v. *Russell,* 406 Pa. 45 48,; *Scott* v. *District of Columbia,* 99 Atl. 2d 641, 643  (Mun. Ct. App. D. C.), affd. sub nom. *District of Columbia* v. *Scott,* 214 F. 2d 860  (D. C. Cir.).