COMMONWEALTH *vs.* DAVID P. LAFLEUR.

Suffolk.    March 20, 1973. — May 25, 1973.

Present: ROSE, KEVILLE, & ARMSTRONG, JJ.

*Practice, Criminal,* Continuance,. Judicial discretion, Assistance of counsel. *Conflict of Interest.*

In a rape case, a judge did not abuse his discretion in denying a continuance to the defendant to allow his attorney, a Massachusetts Defenders Committee attorney, who had taken over the case from another attorney of the Committee about ten days before, to prepare for trial, where the Committee had been assigned the case more than four months before, there had already been several delays, and the complaining witness had moved to another State. [328-330]

A statement of a judge that there was no conflict of interest in appointed counsel's representation of two defendants, charged with rape and

kidnapping, sufficient to require the appointment of separate coun-
sel, and the bare assertion by trial counsel of a possible conflict were
insufficient to show that the judge erred in denying one defendant's
motion for separate counsel. [330-332]

INDICTMENT found and returned in the Superior Court on
April 14, 1971.

The case was tried before *McLaughlin, C.J.*

*Alexander Whiteside, II,* for the defendant.

*Thomas J. Mundy, Jr.,* Assistant District Attorney, for
the Commonwealth.

ARMSTRONG, J.   This is an appeal under the provisions
of G. L. c. 278, §§ 33A-33G. The appellant, David P.
LaFleur, was charged with kidnapping a young woman and
raping her in his automobile. A companion of the appel-
lant, Andrew Guretin, was also charged with kidnapping
the complaining witness. They both were represented at
trial by the same attorney, from the office of the Massachu-
setts Defenders Committee. A jury found both men not
guilty of the kidnapping charges, but found LaFleur guilty
of rape. LaFleur argues error by the trial court in denying a
request for a continuance based on his counsel's lack of
time to prepare, and in denying his counsel's request for a
continuance so that separate representation could be ar-
ranged because of a possible conflict between the cases of
the two defendants. He argues that as a result of these
rulings he was denied effective assistance of counsel.

The crime for which LaFleur was convicted took place on
the evening of March 2, 1971. The grand jury returned an
indictment on April 14, 1971. Sometime later in April the
Massachusetts Defenders Committee was assigned the
case, and one of its attorneys, a Mr. Murphy, was desig-
nated to handle the case. The case was originally scheduled
for trial on May 24; it was thereafter continued until early
June, at which time, although Mr. Murphy appears to have
been prepared, the Commonwealth was not. The case was
next scheduled for trial on June 21, but because the
defendant Guretin was late in appearing at court a new
trial date of September 21, was given. On that day it was
LaFleur who arrived at 2 P.M., forcing a one-day post-

ponement. The trial did begin on September 22, 1971, in the afternoon. That morning LaFleur had been examined by the court psychiatrist and was thought by him to be competent to stand trial.

Approximately a week and a half prior to the September trial date Mr. Murphy was taken off the case because of other trial commitments of the Defenders Committee and Mr. Carroll took over the case. He had one interview with each client prior to trial: with LaFleur on the 16th of September and with Guretin on the afternoon of the 21st. In asking for the continuance Mr. Carroll contended that he did not feel prepared to represent the defendants at that time. He personally had a heavy caseload. There was investigative work that he wanted to do. He needed time to explore the possibilities of attacking the victim's general character. Mr. Carroll also requested a continuance because in his judgment time was needed to appoint separate counsel for one of the defendants due to the possibility of a conflict of interest.

LaFleur himself requested that someone other than the Massachusetts Defenders Committee represent him. He mentioned a private attorney who he thought would be willing to represent him for a sum that he could raise. The trial judge contacted this attorney and personally spoke to him. He stated that he would not be available to represent LaFleur.

The court denied the request for a continuance. The trial judge was mindful of the fact that the complaining witness had subsequently moved to New York and had had to travel to Boston specially for these court proceedings more than once already. He mentioned that Mr. Carroll's office had had the case for five months and that ought to have been enough time to prepare; that if Mr. Murphy had been prepared to go forward in June, Mr. Carroll ought to be prepared to go forward in September; and that all Mr. Murphy's notes and preparations were available to Mr. Carroll. The judge also implied that he felt that much of the delay and lack of preparedness was the fault of the defendants themselves.

"Whether a motion for continuance should be granted lies within the sound discretion of the judge, whose action will not be disturbed unless there is patent abuse of that discretion, which is to be determined in the circumstances of each case." *Commonwealth* v. *Bettencourt,* 361 Mass. 515, 517-518. That determination is to be made giving full consideration to the right of a person accused of a crime to have counsel, and the right of counsel to have reasonable time in which to prepare a defense. *Lindsey* v. *Commonwealth,* 331 Mass. 1. *Commonwealth* v. *Brant,* 346 Mass. 202, 204. We are of the opinion that there was no abuse of discretion in denying the continuance in this case. Furthermore, study of the transcript convinces us that LaFleur was in fact capably represented.

We next consider the question whether, because of the representation of possible conflict of interest, separate counsel ought to have been appointed.

In denying the request for separate counsel, the court said, "[A]nd let the record indicate that in the open court you indicated a conflict you thought was serious. And I interrogated in the lobby, without prejudice, as to what the nature of the conflict was. You disclosed it to me. It does not strike me as being a conflict of sufficient dimension or weight to require the appointment of separate counsel." Mr. Carroll was, himself, less than specific about not only the nature but also the substantiality of the possible conflict. "[T]here may be a conflict . . .. There might be a conflict of interest. . . . [I]t could ultimately be serious." Neither defendant took the stand. There is nothing further in the transcript to help us.

If a defendant is denied effective assistance of counsel because of a conflict of interest between himself and another defendant represented by the same attorney, his conviction would violate a right guaranteed him by the Sixth Amendment to the United States Constitution (made applicable to this Commonwealth through the due process clause of the Fourteenth Amendment) and could not stand. *Glasser* v. *United States,* 315 U. S. 60, 75-76. *Commonwealth* v. *Smith,* 362 Mass. 782, 783. While we

Commonwealth *v.* LaFleur.

recognize that the undivided loyalty of appointed counsel to client is an essential of due process (*Commonwealth* v. *Bernier,* 359 Mass. 13, 17; *MacKenna* v. *Ellis,* 280 F. 2d 592, 599-600 [5th Cir.]), and that it may not even be necessary to show prejudice where a conflict of interest appears in the record (*Commonwealth* v. *Smith,* 362 Mass. 782, 784-785) we do not understand the cases to hold that a mere possibility of a conflict, no matter how trivial, speculative or tangential, requires appointment of separate counsel. Although the area for judgment is small, some judgment must be exercised. This qualification is recognized in careful formulations in many cases in the area. See, e.g., *Commonwealth* v. *Smith,* 362 Mass. 782, 783 ("In this case there is no showing of any conflict of interest on the part of Mr. Crowley, Smith's attorney, such as to have impaired his effectiveness as an attorney."); *Commonwealth* v. *Bernier,* 359 Mass. 13, 23 ("It is not disputed that if the assigned lawyer in these cases represented two defendants whose interests conflicted in a manner which denied the present appellant his right to effective assistance of counsel, the appellant's conviction could not stand."); and *Lugo* v. *United States,* 350 F. 2d 858, 859 (9th Cir.) ("[A]bsent a conflict of interest which interferes with the proper presentation of the defense of one of the codefendants, the mere fact that both are represented by the same attorney is not grounds for reversal."). We interpret the trial judge's statement ("It does not strike me as being a conflict of sufficient dimension or weight to require the appointment of separate counsel.") to reflect precisely the same thought as that stated in the *Smith, Bernier* and *Lugo* cases. The defendant in effect asks us to infer from the judge's statement that there was no "conflict of sufficient dimension or weight to require the appointment of separate counsel" that in fact there was a conflict requiring the appointment of separate counsel. This we cannot do.

There is nothing else in the record of this case to show the existence of a conflict, other than the bare assertion of trial counsel that there was a possibility of a conflict. That

assertion is not enough. *Englehart* v. *Commonwealth,* 353 Mass. 561, 562. "A conflict of interest such as to deny to a defendant the effective assistance of counsel must be shown by evidence." *Commonwealth* v. *Smith,* 362 Mass. 782, 784. "[W]hile we cannot indulge in nice calculations about the amount of prejudice which results from a conflict of interest *(Glasser, supra),* neither can we create a conflict of interest out of mere conjecture as to what might have been shown." *Lugo* v. *United States,* 350 F. 2d 858, 859 (9th Cir.).

<div align="right">

*Judgment affirmed.*