COMMONWEALTH vs. JOSEPH A. COTE, JR.

Barnstable. November 14, 1978. — March 8, 1979.

Present: HALE, C.J., ROSE, & GOODMAN, JJ.

*Practice, Criminal,* Assistance of counsel. *Conflict of Interest.*

A defendant convicted of burglary failed to establish that he was
denied effective assistance of counsel by the fact that on unrelated
indictments his attorney had represented another individual whose
name was on a contract for the rental of a U-Haul truck which was
used in the burglary where there was no evidence that the attor-
ney's representation of the other person was such that he owed him
any duty of loyalty at the time of the defendant's trial which could
have affected his decision whether to call that person as a witness.
[151-152]

INDICTMENTS found and returned in the Superior Court
on March 18, 1976.

Following the decision by this court reported in 5 Mass.
App. Ct. 365, a motion for a new trial was heard in the
Superior Court by *Beaudreau, J.*

*Steven J. Rappaport* for the defendant.

*Gary A. Nickerson,* Assistant District Attorney, for the
Commonwealth.

GOODMAN, J. We affirm the order denying the defend-
ant's motion for a new trial, filed after our decision in the
case of *Commonwealth* v. *Cote,* 5 Mass. App. Ct. 365
(1977), in which the defendant's conviction of burglary
was affirmed. The facts are set out in that case. The
defendant contends that the counsel who represented
him at trial[1] also represented one Jeffrey Ford on other

---

[1] The defendant is presently represented by other counsel who also
represented him on the motion for a new trial.

indictments (not alleged to have been connected with the indictment against Cote) and that this dual representation created a conflict of interest. At the trial it appeared that Ford's name was on the contract for the rental of a U-Haul truck which, from the evidence, was used in the burglary on Saturday evening, January 17, 1976, and which Cote was identified as having driven the following afternoon and as having subsequently returned to the gas station from which it had been rented.

Dual representation may result in a conflict of interest which deprives a defendant of effective assistance of counsel, but the defendant must show dual representation and either "a real conflict or [a] specific instance of prejudice." *Commonwealth* v. *Adams*, 374 Mass. 722, 731 (1978), quoting from *Miller* v. *United States*, 564 F.2d 103, 106 (1st Cir. 1977), cert. denied, 435 U.S. 931 (1978). In determining whether the defendant has made a sufficient showing, we look only to the record before the judge who heard the motion. We thus consider the affidavit attached to the motion, the transcript of the hearing on the motion, and, since that judge had presided at the trial, we also consider the trial transcript, although it had not been specifically made an exhibit. Cf. *Commonwealth* v. *Donahue*, 6 Mass. App. Ct. 971, 971-972 (1979). We do not consider the addenda attached to the defendant's brief; they were not made exhibits, and we do not know whether they were examined by the judge. *Commonwealth* v. *Hubbard*, 371 Mass. 160, 176 (1976). The record does not show the extent to which or the time when Cote's trial counsel had represented Ford. The transcript of the trial is silent on this matter, and the affidavit made by Cote's present counsel merely asserts that he "ha[d] been informed" that Ford "was actually a former client" of Cote's trial counsel. Cote's present counsel presented no evidence at the hearing on the motion but contented himself with what was in effect an argument on the law,

during the course of which he did no more than assert that Ford and Cote had both been represented by Cote's trial counsel. There is thus nothing to show that the representation of Ford (assuming it existed) was such, in time and nature, that trial counsel "owed [Ford] any continuing duty of loyalty at the time of [Cote's] trial" which could have affected his decision whether to call Ford as a witness. *Commonwealth* v. *Smith*, 362 Mass. 782, 783 (1973). *Commonwealth* v. *Wright*, 376 Mass. 725, 732 (1978). Nor do we know what considerations entered into trial counsel's decision not to call Ford, a possible course which would obviously have suggested itself in any event. The record is silent whether calling Ford was a viable tactic, or whether it would have been so clearly counterproductive that such dual representation as might have been shown could not reasonably have entered into the decision not to call Ford. Indeed, there is nothing to show that Ford was available at the time of Cote's trial. See *Commonwealth* v. *Adams*, 374 Mass. at 730-731.

On this scant record our decision is impelled by such cases as *Commonwealth* v. *Adams*, 374 Mass. at 730-731, *Commonwealth* v. *Smith*, 362 Mass. at 783, *Commonwealth* v. *Wright*, 376 Mass. at 730-732, and *Commonwealth* v. *Soffen*, 377 Mass. 433 (1979) (see *Miller* v. *United States*, 564 F.2d at 106-107; *United States* v. *DiCarlo*, 575 F.2d 952, 955-957 [1st Cir.], cert. denied, 439 U.S. 834 [1978]). Compare *Commonwealth* v. *Geraway*, 364 Mass. 168, 174 (1973) (involving representation of a Commonwealth witness with whom the law office of defense counsel had close ties). See *Porter* v. *United States*, 298 F.2d 461, 463-464 (5th Cir. 1962); *United States ex rel. Miller* v. *Myers*, 253 F. Supp. 55, 56-57 (E.D. Pa. 1966).

*Order denying motion*
*for new trial affirmed.*