Commonwealth *vs.* Roy Leo.

Franklin. January 7, 1981. — January 30, 1981.

Present: Grant, Cutter, & Nolan, JJ.

*Attorney at Law*, Conflict of interest. *Practice, Criminal*, Failure to make objection, Assistance of counsel, New trial. *Constitutional Law*, Assistance of counsel.

A judge hearing a motion for a new trial of a criminal case properly declined to rule on questions as to claimed errors in the trial and deficiencies in the judge's charge where the questions could have been, but were not, raised during the course of the trial or an earlier appeal from the convictions. [284]

At the hearing of a defendant's motion for a new trial of rape charges, the evidence warranted a finding that the defense counsel's representation of the victim's father on a complaint under G. L. c. 90, § 24, almost three years prior to the defendant's trial did not constitute an actual conflict of interest. [285-287]

Motion for a new trial filed in the Superior Court Department on October 9, 1979.

The proceeding was heard by *Cross*, J.

*Thomas M. Barrett* for the defendant.

*Stephen R. Kaplan*, Assistant District Attorney, for the Commonwealth.

Grant, J. The defendant's convictions on two indictments for unnatural sexual intercourse with a child under sixteen years of age (G. L. c. 265, § 23, as appearing in St. 1974, c. 474, § 3) were affirmed by the Supreme Judicial Court on August 21, 1979, in *Commonwealth* v. *Leo*, 379 Mass. 34 (1979). On October 9, 1979, the defendant, acting pro se, filed a motion for a new trial. That motion was later supplanted by a motion which was filed by his present counsel on November 23, 1979, was entitled

"Motion For Release From Unlawful Restraint And For New Trial Pursuant to Rule 30 of the Massachusetts Rules of Criminal Procedure," and was accompanied by a thirteen-page memorandum of law. That motion was heard and denied by the trial judge. The defendant appealed.

A study of the motion, the memorandum and the transcript of the hearing on the motion reveals that the grounds for the motion fell into three broad groups: (1) claimed errors in evidentiary rulings made during the course of the trial, (2) asserted deficiencies in the charge to the jury, and (3) claims of ineffective assistance of counsel.

None of the asserted deficiencies in the charge, when read in the context of the charge as a whole, raised any question of constitutional dimension which had been unavailable or unrecognizable at the time of trial or during the course of the earlier appeal. See *Commonwealth* v. *Hughes*, 380 Mass. 596, 601-602 (1980). Contrast *Commonwealth* v. *Harrington*, 379 Mass. 446, 449-450 (1980); *Lannon* v. *Commonwealth*, 379 Mass. 786, 788 (1980); *Commonwealth* v. *Huot*, 380 Mass. 403, 406 (1980) (citing Mass. R.Crim.P. 30[b], 378 Mass. 900 [1979]); *DeJoinville* v. *Commonwealth*, 381 Mass. 246, 247-251 (1980). There was nothing on the face of the motion, in the memorandum or in the oral argument on the motion which suggested a substantial risk of a miscarriage of justice if the judge should refuse to entertain questions which might have been, but were not, raised during the course of the trial or on the earlier appeal. See *Commonwealth* v. *Key*, 381 Mass. 19, 22 n.1 (1980). Contrast *Commonwealth* v. *Hill*, 375 Mass. 50, 53 (1978). Accordingly, the judge properly declined to rule on any of the grounds of the motion embraced within (1) and (2) above. *Commonwealth* v. *McLaughlin*, 364 Mass. 211, 229-231 (1973). *Commonwealth* v. *Grace*, 376 Mass. 499, 500 (1978). *Commonwealth* v. *Harrington*, 379 Mass. at 449.[1]

---

[1] There is nothing to the contrary in Mass.R.Crim.P. 30(a) or (b). See *Commonwealth* v. *Huot*, 380 Mass. at 406 & n.3; *Stewart, petitioner*, 381 Mass. 777 (1980); *Commonwealth* v. *Porter*, 9 Mass. App. Ct. 908 (1980);

The only ground of the motion which merits discussion is a claim of ineffective assistance of counsel ([3] above) which is said to have arisen out of a trial counsel's having previously represented the father of the victim of the rapes for which the defendant was indicted. We approach this contention in light of the firmly established principles applicable to all cases in which there are claims of conflicts of interest on the part of trial counsel. "In order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an *actual* conflict of interest adversely affected his lawyer's performance" (emphasis supplied). *Cuyler* v. *Sullivan*, 446 U.S. 335, 348 (1980). "But until a defendant shows that his counsel actively represented conflicting interests, he has not established the constitutional predicate for his claim of ineffective assistance." *Id.* at 350. Our own cases are clear on the point that the defendant in this case had the burden of proving, without resort to speculation, both the existence and the precise character of an actual conflict of interest. See, e.g., *Commonwealth* v. *Adams*, 374 Mass. 722, 731 (1978); *Commonwealth* v. *Bolduc*, 375 Mass. 530, 541 (1978); *Commonwealth* v. *Wright*, 376 Mass. 725, 732 (1978); *Commonwealth* v. *Davis*, 376 Mass. 777, 781 (1978); *Commonwealth* v. *Soffen*, 377 Mass. 433, 437, 438 (1979).

There is no dispute that trial counsel (counsel) had previously represented the victim's father (father) on a complaint framed under G. L. c. 90, § 24. The objective facts were that the prior prosecution had been terminated by the entry of a nolle prosequi on March 11, 1975, some two and one half years prior to the return of the present indictments on September 23, 1977, and almost three years prior to the trial of the indictments in February, 1978. See and compare *Commonwealth* v. *Smith*, 362 Mass. 782, 783, 784 (1973); *Commonwealth* v. *Wright*, 376 Mass. at 727-728,

---

*Commonwealth* v. *Tirrell*, 10 Mass. App. Ct. 125, 127-128 (1980), further appellate review granted, 381 Mass. 781 (1980); *Commonwealth* v. *Markham*, 10 Mass. App. Ct. 651, 653-655 (1980).

730-731; *Commonwealth* v. *Soffen*, 377 Mass. at 437-438. *Contrast · Commonwealth* v. *Michel*, 381 Mass. 447, 448-451, 453 (1980). The father was not called as a witness for the prosecution during the trial. At the hearing on the motion there was nothing to suggest that counsel had received any confidential information from the father which might have impaired or inhibited counsel's defense of the case (compare *Commonwealth* v. *Smith*, 362 Mass. at 784; *Commonwealth* v. *Wright*, 376 Mass. at 731-732), nor was there anything to suggest that the father possessed any information that would have been helpful to the defense. Compare *Commonwealth* v. *Adams*, 374 Mass. at 730-731.[2] There was nothing to suggest that counsel owed or felt any continuing duty of loyalty to the father at the time of trial (compare *Commonwealth* v. *Smith*, 362 Mass. at 783; *Commonwealth* v. *Soffen,* 377 Mass. at 438) or that he continued at that time to be under any ethical, economic or social constraint arising out of his prior representation of the father. See and contrast *Commonwealth* v. *Geraway*, 364 Mass. 168, 172-173 (1973); *Commonwealth* v. *Cobb*, 379 Mass. 456, 460-461, 461-462 (1980), judgment vacated in part sub nom. *Massachusetts* v. *Hurley*, 449 U.S. 809 (1980), appeal dismissed .sub nom. *Commonwealth* v. *Hurley*, 382 Mass. 690 (1981); *Commonwealth* v. *Michel*, 381 Mass. at 448-451, 453.

The judge quite properly found on the evidence that, on two separate occasions between arraignment and trial, counsel had advised the defendant of his prior representation of the father (and of the nature of the charge) and that the "defendant replied that he knew about it, and that it didn't mean anything to him."[3]

---

[2] Counsel testified at the hearing on the motion that he spoke with the father shortly before trial and was advised, "Look, I hurt you more than I help you." The judge accepted that testimony as true.

[3] The circumstances of this case do not require us to consider the question whether the defendant may have waived any question of conflict of interest. See *Commonwealth* v. *Michel*, 381 Mass. at 457; *Commonwealth* v. *Connor*, 381 Mass. 500, 504-506 (1980).

The defendant points to isolated fragments of the evidence at the hearing on the motion which were not adverted to by the judge in his findings of fact. He points first to the testimony of the victim's mother in which she described counsel as the "family lawyer" (see *Commonwealth* v. *Wright,* 376 Mass. at 730 n.3), but a careful review of her entire testimony discloses that her description was grounded on nothing firmer than the fact that counsel had previously represented her husband on the complaint already referred to and had previously represented her son by an earlier marriage in connection with some minor motor vehicle offenses which had been disposed of at least six years prior to the return of the present indictments. The defendant also points to certain testimony by counsel on cross-examination to the effect that he felt "uneasy" about continuing to represent the defendant and advised the prosecutor before trial of his previous representation of the father. It is clear to us that counsel's uneasy feeling was prompted by the pretrial return of the indictments against the defendant for attempting to bribe or intimidate prosecution witnesses which were discussed in the opinion on the earlier appeal (379 Mass. at 40-42) rather than by any feeling that counsel might be involved in a conflict of interest. There was nothing in the evidence to support the notion that counsel's advising the prosecutor of his previous representation of the father was prompted by any feeling on the part of counsel that his continued representation of the defendant might involve a conflict of interest.

We hold that the evidence, fairly interpreted, was insufficient to warrant a finding that the defendant's trial counsel was involved in an actual conflict of interest.[4]

*Order denying motion for*
*new trial affirmed.*

---

[4] There is nothing in *Commonwealth* v. *Mello, ante* 70 (1980), inconsistent with the analysis or the conclusion in this case. See n.2 to the opinion in that case, *supra* at 71.