Cowin, J.
This is a negligence action for personal injuries sustained by the plaintiff, Eileen Forristall (“ForristaH”), when she slipped and fell on ice and/or snow in the driveway of a single-family home owned by defendants Timothy McCarthy and Maryanne McCarthy (“McCarthys"), and leased to and occupied by the defendants George Mason and Jeanne Mason (“Masons”). The McCarthys have now moved for summary judgment on the only count of the Amended Complaint against them, Count I. For the following reasons, the defendants’ motion must be allowed.
BACKGROUND
For the purposes of this motion, the following facts are undisputed:
On January 12, 1992, at approximately 2:30 a.m., Forristall was given a ride by her then boyfriend, Dave Swanson (“Swanson”), to the Masons’ rented home in North Reading, where Forristall intended to spend the night. Several minutes after Swanson left, Forristall, while walking across the driveway toward the house, slipped and fell on a “patch of snow.” She attempted to get up but fell again. After the second fall, she was unable to walk, and crawled to the door of the house. Forristall was then taken to the hospital where she was treated for injuries to her ankle.-
The uncontradicted testimony concerning the condition of the driveway at the time of ForristalTs fall was that there was an accumulation of approximately three inches of snow over it. The snow had fallen that day and had not been shoveled or plowed in any way. In addition to the fact that Swanson had pulled his car into the driveway in order to drop off Forristall, there was also a second car parked in the driveway.
The McCarthys have now moved for summary-judgment on the grounds that they had no duty to shovel the snow that had fallen at the premises, and that the natural accumulation of snow and/or ice did not constitute a property defect for which they maybe held liable.
DISCUSSION
Summary judgment is appropriate if there is no dispute as to the material facts and the moving parly is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 340 Mass. 414, 422 (1983); Community National Bank v. Dawes, 369 Mass. 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of demonstrating affirmatively that there is no triable issue, and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). With respect to any claim on which the party moving for summary judgment does not have the burden of proof at trial, it may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communication Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). The plaintiff has failed to meet the burden necessary to defeat summary judgment under this standard.
As a lawful visitor on the property, Forristall has the same rights against the McCarthys as would tenants of the McCarthys. Karp v. Mills, 348 Mass. 768 (1964). The McCarthys had no obligation to their tenants to remove the snow from the driveway: “in the absence of an express or implied agreement a lessor is under no obligation to remove natural accumulations of snow and ice on common passageways . . .” Spack v. Longwood Apartments, Inc., 338 Mass. 518, 519 (1959); accord, McNeill v. Home Savings Bank, 313 Mass. 664, 666 (1943); Karp v. Mills, 348 Mass. 768, 768 (1964); Morris v. Boyd, 1 Mass.App.Ct. 817, 818 (1973). There is no allegation or evidence either of an agreement by the McCarthys to undertake snow removal, or of the existence of any artificially created snow condition in the driveway. Absent any such evidence, ForristalTs claim against the McCarthys must fail.
The Court further notes that, even if such an agreement existed, there would still be no liability on the part of the McCarthys, since, “under Massachusetts law, landowners are liable only for injuries caused by defects existing on their property and ... the law does not regard the natural accumulation of snow and ice as an actionable property defect.” Aylward v. McCloskey, 412 Mass. 77, 79 (1992); accord, Gamere v. 236 Commonwealth Ave. Condominium Assoc., 19 Mass.App.Ct. 359, 362 (1985); Athas v. United States, 904 F.2d 79, 82 (1st Cir. 1990). It is ForristalTs undisputed testimony that the only snow and/or ice on the driveway of the property at the time she slipped and fell had not been “shoveled or plowed to any *70 extent,” and was therefore only a natural accumulation.
Even if the Court were to draw an inference that an artificial condition had been created by the tires of Swanson’s car,[1] e.g., Phipps v. Aptucxet Post No. 5988 V.F.W. Bldg. Ass’n, 7 Mass.App.Ct. 152 (1938) (“an injured person must demonstrate some evidence of negligence by the property owner in order to recover, because ‘[i]t is common knowledge that in this climate ... a number of conditions might exist which within a very short time could cause the formation of ice . . . without the fault of the owner and without reasonable opportunity on his part to remove it or warn against it or even to ascertain its presence’ ”).
ORDER
For the foregoing reasons, the motion of the defendants Timothy McCarthy and Maryanne McCarthy, for summary judgment on Count I of the plaintiffs Amended Complaint, is hereby ALLOWED.

There is no evidence properly before the Court on summary judgment of such a potential defect; however, plaintiffs counsel raised the issue at oral argument, and so the Court addresses the issue here.