Commonwealth *vs.* Rocco A. Balliro.

Suffolk. February 4, 2002. - June 14, 2002.

Present: Marshall, C.J., Greaney, Ireland, Spina, Cowin, Sosman, & Cordy, JJ.

*Practice, Criminal,* New trial, Plea, Waiver, Assistance of counsel, Capital case. *Homicide. Waiver. Constitutional Law,* Assistance of counsel. *Conflict of Interest.*

Discussion of the "gatekeeper" provision of G. L. c. 278, § 33E, and the question whether a defendant appealing from the denial of a motion for a new trial in a capital case not subject to the gatekeeper provision has a right to direct review in this court. [164-165]

This court affirmed the denial of a criminal defendant's second motion to withdraw his pleas of guilty to two indictments charging murder in the first degree, where the defendant's arguments that his plea counsel was ineffective because of conflicts of interest and for giving him erroneous advice or no advice with respect to his choice to plead guilty to murder in the first degree were waived by not presenting them in his first motion to withdraw his guilty pleas; where his conflict of interest claims merely reasserted his prior claims that his pleas were coerced, which this court decided on the first motion; and where the judge's decision to deny the second motion to withdraw the defendant's pleas of guilty was not an abuse of discretion. [165-171]

Indictments found and returned in the Superior Court on February 6, 1963.

A motion for a new trial, filed on December 26, 2000, was heard by *Charles T. Spurlock,* J.

*Russell J. Redgate* for the defendant.

*Jane A. Sullivan,* Assistant District Attorney, for the Commonwealth.

Ireland, J. After (1) pleading guilty to two indictments charging murder in the first degree in 1965, (2) his first unsuccessful motion to withdraw his guilty pleas, based on coercion, and (3) an unsuccessful petition for habeas corpus, the defendant, Rocco A. Balliro, alleged in his second motion to withdraw his guilty pleas that his plea counsel rendered ineffective assistance

because he was subject to a conflict of interest and gave the defendant either no advice or erroneous advice concerning his guilty pleas. Because we conclude that (1) the defendant's arguments of ineffective assistance are waived and (2) his claim of conflict of interest is merely a restatement of his earlier claim of coercion, which we decided on his first motion to withdraw his guilty pleas, we affirm the denial of the second motion.

The defendant's appeal was entered directly in this court. The defendant also entered a petition in the county court. That case for "gatekeeper" permission to appeal from the denial of the motion for a new trial was accompanied by a letter from counsel on the present motion maintaining that a single justice's permission was not required, but that supporting material would be filed immediately, if necessary. When the petition was considered for dismissal for lack of prosecution in November, 2001, the defendant requested that it remain on the docket. In December, the single justice allowed the defendant's request.

We have held that the gatekeeper provision of G. L. c. 278, § 33E, does not apply to cases in which a defendant appeals from the denial of a motion for a new trial after pleading guilty to murder in the first degree. See *Commonwealth* v. *Robbins*, 431 Mass. 442, 443 n.1 (2000). "The 'gatekeeper' provision comes into play only after a defendant, in a direct appeal, has had the benefit of the comprehensive review that the statute provides." *Id.* A technical reading of the statutory language supports the same result. General Laws c. 278, § 33E, defines a capital case as "a case in which the defendant was *tried* on an indictment for murder in the first degree and was convicted of murder in the first degree" (emphasis added). A defendant who pleads guilty to murder in the first degree has not been "tried" within the meaning of the statute.

We have not addressed the question whether a defendant appealing from the denial of a motion for a new trial in a capital case not subject to the gatekeeper provision has a right to direct review in this court. We conclude no such right exists. An appeal from the denial of a motion for new trial "may be taken to the Appeals Court." Mass. R. Crim. P. 30 (c) (8), as appearing in 420 Mass. 1502 (1995). Although G. L. c. 211A, § 10, excludes "review of convictions for first degree murder" from

the Appeals Court's jurisdiction, we interpret the exclusion to be conterminous with our exclusive jurisdiction embodied in G. L. c. 278, § 33E.

Despite the fact that a defendant pleading guilty to murder in the first degree faces the same uniquely severe sentence as a defendant convicted at trial, weighing heavily in support of the plenary review available under G. L. c. 278, § 33E, the issue in an appeal from the denial of a motion for a new trial is the propriety of the judge's decision on the motion and not the conviction itself. Furthermore, a defendant choosing to plead guilty to murder in the first degree voluntarily waives the special form of review applied under § 33E. Appeals from the denials of motions for new trials in capital cases that are not subject to the provisions of § 33E are properly docketed in the Appeals Court.

We retain jurisdiction in the instant case and reach the defendant's claims, noting that we have the power to transfer cases from the Appeals Court sua sponte.

We need not recite the facts of this case as we have already done so. *Commonwealth* v. *Balliro*, 349 Mass. 505 (1965) (*Balliro I*). *Commonwealth* v. *Balliro*, 370 Mass. 585, 586 (1976) (*Balliro II*).

The defendant appeals from the denial of his second motion to set aside his guilty pleas claiming that he was deprived of the effective assistance of counsel. He alleges that his plea counsel, Attorney Collichio, was ineffective because of a conflict of interest both in representing the codefendant Albert Ciocco in the same case prior to the trial, and because Collichio was beholden to Attorney Joseph Balliro, who represented the defendant's brother in the same matter, because Attorney Balliro was a mentor to Collichio. The defendant also alleges that Collichio failed to give him effective assistance because he gave either erroneous advice or no advice to the defendant with respect to his choice to plead guilty to murder in the first degree. We conclude that the defendant has waived these arguments by not presenting them in his first motion to withdraw his guilty pleas, that his conflict claims merely reassert his prior claims that his pleas were coerced, and that the judge's decision to deny the instant motion was not an abuse of discretion.

An accepted guilty plea differs from an admission or extra-judicial confession in that it is itself a conviction; nothing more is required except for the court to give judgment and sentence. See *Commonwealth* v. *Robbins, supra* at 444, quoting *Commonwealth* v. *DeMarco*, 387 Mass. 481, 481 (1982), and cases cited. Thus, a postsentence motion to withdraw a guilty plea is a request for postconviction relief and is treated as a motion for a new trial. *Commonwealth* v. *Robbins, supra.* "A motion for new trial is addressed to the sound discretion of the [motion] judge, and the judge's disposition of the motion will not be reversed unless 'it appears that justice may not have been done.' " *Id.*, quoting *Commonwealth* v. *Russin*, 420 Mass. 309, 318 (1995), and cases cited.

The defendant's failure to raise the argument that Collichio rendered him ineffective assistance of counsel in his first motion constituted waiver. Rule 30 (c) (2) of the Massachusetts Rules of Criminal Procedure, 378 Mass. 900 (1979), provides: "All grounds for relief claimed by a defendant under . . . this rule shall be raised by the defendant in his original or amended motion. Any grounds not so raised are waived unless the judge in his discretion permits them to be raised in a subsequent motion, or unless such grounds could not reasonably have been raised in the original or amended motion." See *Commonwealth* v. *Deeran*, 397 Mass. 136, 139 (1986) (defendant must raise all available grounds for relief in first rule 30 motion or "those claims are lost"). A motion for a new trial may not be used to compel the review of issues on which the defendant has already had appellate review or issues on which the defendant has forgone the opportunity. See *Commonwealth* v. *Gagliardi*, 418 Mass. 562, 565 (1994), cert. denied, 513 U.S. 1091 (1995), quoting *Commonwealth* v. *Watson*, 409 Mass. 110, 112 (1991). A judge does, however, have the discretion to rehear such issues. See *Commonwealth* v. *Watson, supra.* We have recommended restricting the exercise of that power to the extraordinary situations when "upon sober reflection, it appears that a miscarriage of justice might otherwise result." *Id.* The waiver rule applies equally to constitutional claims that could have been, but were not raised. *Id.*

The defendant argues that he has not waived his claims of the

ineffectiveness of his plea counsel, Collichio, because his counsel on his first motion to withdraw his guilty pleas, Attorney Hutton, was also ineffective. He asserts that Hutton suffered from conflicts of interest identical to those of Collichio and also that Hutton's failure to raise the ineffectiveness of Colicchio constituted ineffective assistance on Hutton's part. Although the defendant correctly states that he cannot be held to have waived a basis of relief when the failure to raise it results from ineffective assistance, see *Commonwealth* v. *Miranda*, 22 Mass. App. Ct. 10, 17-18 (1986) (discussing exceptions to waiver rule), we reject his arguments and dispose of them in turn.

1. *Conflict of interest.* The defendant maintains that he cannot be held to have waived his ineffectiveness claims because Hutton was also ineffective due to conflicts of interest. He asserts that Hutton suffered from a conflict of interest because he represented one of the codefendants in the same case at the trial, on appeal, and at the plea hearing. He also alleges that Hutton suffered from a personal conflict of interest because he was "beholden" to Attorney Balliro, representing a codefendant in the same case, in a mentor and protegé relationship. We conclude that the defendant has failed to demonstrate any conflict.

We apply the standards controlling conflicts of interest in use at the time of the defendant's first motion, although the standards then in operation do not differ substantially from those we apply today. A defendant is denied effective assistance of counsel when his attorney represents interests in conflict with the defendant's. *Commonwealth* v. *Smith*, 362 Mass. 782, 783 (1973). The defendant must produce evidence of the conflict of interest he claims deprived him of effective assistance of counsel. See *id.* at 784; *Commonwealth* v. *LaFleur*, 1 Mass. App. Ct. 327, 331-332 (1973) (bare assertions not enough; conflict must be shown by evidence). If a conflict of interest is plain from the record, a showing of prejudice is not required. See *Commonwealth* v. *Smith*, *supra* at 784-785 n.1 (hinting that no prejudice analysis required when a genuine conflict appears, a rule that has since been firmly established, *Commonwealth* v. *Patterson*, 432 Mass. 767, 774 [2000], and cases cited).

Although "nice calculations about the amount of prejudice which results from a conflict of interest [are not required], neither can we create a conflict of interest out of mere conjecture as to what might have been shown." *Commonwealth* v. *LaFleur, supra* at 332, quoting *Lugo* v. *United States*, 350 F.2d 858, 859 (9th Cir. 1965).

The defendant has failed to show a conflict of interest in Hutton's prior representation of Salvatore Balliro. Initially, we do not automatically infer a conflict of interest from dual or joint representation alone. See *Commonwealth* v. *LaFleur, supra* at 330-331. Furthermore, when a conflict arises from the dual representation of clients, discontinued representation of one will generally alleviate the conflict. See *Commonwealth* v. *Smith, supra* at 783, 784 (stating when representation of witness ended before trial, no continuing duty of loyalty, and no evidence of confidential information, no conflict existed).[1] Here, the only evidence of conflict the defendant presents is the absence of a withdrawal of representation of the codefendant on the docket. Given that the codefendant pleaded guilty to manslaughter, there would have been no reason for Hutton to have withdrawn. The case was over. Additionally, there is no evidence of Hutton's ongoing representation of the codefendant, and more importantly, any such contact does not itself establish a conflict. The defendant has not met his burden of demonstrating a conflict of interest with evidence, and we will not construct one for him by conjecture.

The defendant also alleges that Hutton was subject to a personal conflict of interest because of his relationship with Attorney Joseph Balliro. The only evidence the defendant presents of this conflict are the affidavits of Hutton and of Attorney Balliro, in which they both state that Attorney Balliro aided Hutton at the beginning of his career and has served as a mentor to him. The defendant does not indicate how this professional and personal relationship conflicted with Hutton's duties to him. In fact, in the defendant's first motion, Hutton, in arguing that the defendant's pleas were involuntary, maintained that Attorney Balliro participated in coercing the defendant to plead to murder

---

[1]The defendant does not allege that Hutton was in possession of confidential information that would impair his ability to represent the defendant.

in the first degree. This fact alone would appear to contradict the defendant's present assertion that Hutton's relationship with Attorney Balliro interfered with his representation of the defendant. Again the defendant has failed to establish a conflict, and we refuse to speculate as to any prejudice.

2. *Motion counsel's ineffectiveness for failure to raise ineffectiveness of plea counsel.* In addition to his conflict of interest claims, the defendant argues that his claim of Collichio's ineffectiveness is not waived because Hutton was ineffective in failing to raise it. The defendant further argues that we must find that Hutton was ineffective if the underlying claim, that Collicchio was ineffective, is a meritorious claim, citing *Breese* v. *Commonwealth*, 415 Mass. 249, 252 (1993). The defendant's reading is erroneous.

In *Breese* v. *Commonwealth, supra,* we stated "[t]he question whether second appellate counsel rendered the defendant ineffective assistance necessarily depends on whether the defendant received ineffective assistance of counsel at trial and on the first appeal." Naturally, the defendant's motion counsel's failure to raise the issue of plea counsel's performance could not have been in error if the defendant's plea counsel was in fact effective. It does not follow, however, that whenever trial counsel is ineffective, appellate counsel will be ineffective in failing to raise the issue on appeal.

At the time of the defendant's pleas and his first motion, the standard applied to claims of ineffective assistance was somewhat different from the standard we apply today. At that time, we looked to see whether counsel's performance was "so incompetent as to deprive his client of a trial in any real sense[, to] render the trial a mockery and a farce," or whether the facts "indicate a lack of skill so great that the accused in realistic fact had not a fair trial. . . . We interpret counsel to mean not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render *and rendering* effective assistance. . . . [Effective assistance does not] guarantee counsel who do not make mistakes. . . . Neither do the words mean that the assistance of counsel was ineffective because of retrospective differences of opinion about judgments

formed, or tactics used by the trial lawyer during the trial; because of the failure to offer, or the failure to object to the offer of evidence; because of retrospective opinions that different tactics of strategy might have been more successful than those used by the trial lawyer; or because a different or better result might have been obtained by a different lawyer." *Commonwealth* v. *Bernier*, 359 Mass. 13, 17-19 (1971), and cases cited.

In light of the old standard applied at the time of the defendant's first motion, we find that Hutton was not so deficient as to deprive the defendant of effective assistance. Another lawyer may have argued the ineffective assistance of Collichio in conjunction with arguments that the guilty pleas were involuntary; however, we are not able to conclude that the decision not to was "so incompetent as to deprive [the defendant] of [assistance] in any real sense." *Id.* at 17.

3. *Ineffective assistance claims merely reassert coercion claims.* Even if we were to conclude that Hutton was ineffective and that the defendant's claims were not waived, the underlying claims are mere reassertions of his coercion claims resolved against him on his first motion to withdraw his guilty pleas. The defendant alleges in his present motion that Collichio failed to prevent him from pleading guilty to the murder charges because of personal and professional conflicts of interest. In his earlier motion, the defendant alleged that Collichio deferred to Attorney Balliro's arguments pressuring the defendant to plead guilty, thereby contributing to the coercion through silence or tacit agreement with Attorney Balliro's assessment. The challenge, however described, has already been decided adversely to the defendant. See *Balliro II*, *supra* at 586. When an appellate court has already reviewed the defendant's convictions, a claim based on the same issues "but newly attired in the garb of ineffective assistance of counsel is [duplicative]." *Commonwealth* v. *Silva*, 25 Mass. App. Ct. 220, 228 (1987). See *Commonwealth* v. *LeFave*, 430 Mass. 169, 171-173 (1999). The judge correctly denied the defendant's second motion on this basis.

4. *Conclusion.* The defendant's motion counsel on his first motion to withdraw his guilty pleas was neither hampered by

conflicts of interest nor ineffective in failing to argue the defendant's plea counsel's ineffectiveness. Therefore, the exception to the waiver rule the defendant cites is inapplicable. Furthermore, the defendant's ineffective assistance claims, as applied to his plea counsel, are mere reassertions of his coercion claims and have already been decided against him. The judge did not abuse his discretion in denying the defendant's second motion to withdraw his guilty pleas.

*Order denying motion to withdraw guilty pleas affirmed.*