NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-207

COMMONWEALTH

vs.

JOSE ACEVEDO.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Jose Acevedo, appeals from the denial of his fourth motion for a new trial.  The motion raised three substantive issues:  (a) that the defendant was deprived of his right under the Sixth Amendment to the United States Constitution to confront a witness, (b) that the Commonwealth's failure to use a double-blind photographic array (photo array) procedure violated his due process rights, and (c) that trial counsel was ineffective for failing to request severance of his trial from that of his codefendant.  Because the issues have all been waived, and we do not discern any error creating a substantial risk of a miscarriage of justice, we affirm.

Background.  Following a jury trial in the Superior Court in 2008, the defendant was convicted of fifteen offenses in connection with a home invasion.  A panel of this court affirmed his convictions on direct appeal.  See Commonwealth v. Merced, 81 Mass. App. Ct. 1107 (2012).  Panels of this court also affirmed the orders denying his first and third new trial motions (he did not properly appeal from the order denying his second motion for a new trial).  See Commonwealth v. Acevedo, 96 Mass. App. Ct. 1115 (2019); Commonwealth v. Acevedo, 88 Mass. App. Ct. 1116 (2015).  In July 2023 the defendant filed this, his fourth, new trial motion, which was denied on December 18, 2024.

Discussion.  1.  Waiver.  "A motion for a new trial may not be used to compel the review of issues on which the defendant has already had appellate review or issues on which the defendant has forgone the opportunity."  Commonwealth v. Balliro, 437 Mass. 163, 166 (2002).  As a result, "[a]ny grounds for relief not raised by the defendant in his original or amended motion for a new trial are 'waived unless the judge in the exercise of discretion permits them to be raised in a subsequent motion, or unless such grounds could not reasonably have been raised in the original or amended motion.'"  Commonwealth v. Roberts, 472 Mass. 355, 359 (2015), quoting

2

Mass. R. Crim. P. 30 (c) (2), as appearing in 435 Mass. 1501 (2001).

In his first motion for a new trial, the defendant raised six issues, including that the procedure by which victims of the home invasion identified him was unduly suggestive, that he was entitled to relief from prejudicial joinder of his trial with the trial of his codefendant, and that trial counsel provided ineffective assistance of counsel by failing to seek relief from joinder. He abandoned these claims on appeal, but raised them again in the motion now before us. "He has had his day in court . . . and he is bound by the unappealed decision of the trial judge denying that motion." Commonwealth v. DeChristoforo, 371 Mass. 26, 33 (1976). We need not rehash these issues.

Additionally, by failing to assert his confrontation claim on direct appeal or in any of his first three new trial motions, the defendant has "forgone the opportunity" for appellate review on that issue. Balliro, 437 Mass. at 166. Although the motion judge has "the discretion to rehear such issues," the defendant offers no reason why his is an "extraordinary situation[]" warranting additional review. Id. The motion judge therefore did not err in dismissing the defendant's fourth new trial motion.

2. Substantial risk of a miscarriage of justice review. Because the defendant has had ample opportunity to raise his

3

claims but did not, we consider them only to determine whether any claimed error created a substantial risk of a miscarriage of justice. See Commonwealth v. Randolph, 438 Mass. 290, 293-294, 297 (2002). "In all cases where a defendant fails to preserve his claim for review we must still grant relief when we are left with uncertainty that the defendant's guilt has been fairly adjudicated" (quotation and citation omitted). Id. at 294-295.

a. Sixth Amendment claim. The defendant argues he was denied his right to confront one of the victims of the home invasion, who was interviewed by police but did not testify at trial. Although the Sixth Amendment guarantees a criminal defendant "an adequate opportunity to cross-examine adverse witnesses," United States v. Owens, 484 U.S. 554, 557 (1988), the victim was not an "adverse witness." The victim did not testify. Nor did the Commonwealth introduce evidence of the victim's out-of-court statements, except those to which the parties had stipulated; indeed the stipulation stated that the victim had failed to identify the defendant. Cf. Pointer v. Texas, 380 U.S. 400, 407-408 (1965) (right to confrontation violated by use of witness's previous testimony, which had not been subject to "adequate" cross-examination). The victim's absence from the trial did not violate the defendant's Sixth Amendment right to confrontation.

4

b.  Photo array procedure.  The defendant alleges that the procedure by which the victims of the home invasion identified him violated his due process rights because the investigating detective -- who knew the defendant's identity -- administered the photo arrays.  A double-blind identification procedure, "administered by a law enforcement officer who does not know the identity of the suspect," is considered "the better practice because it eliminates the risk of conscious or unconscious suggestion."  Commonwealth v. Silva-Santiago, 453 Mass. 782, 797 (2009).  However, the failure to use a double-blind photo array procedure does not make the identification inadmissible.  "The absence of such a procedure is properly a matter of the weight of the identification evidence, . . . rather than of admissibility."  Id.

In denying the defendant's motion to suppress his identification from the photo array, the trial judge found "nothing about [the showing of the photo arrays] that [made] the presentation so unnecessarily suggestive as to give rise to a likelihood of misidentification," and the defendant does not identify any other aspect of the identification procedure that could have rendered it untrustworthy.  The admission of the double-blind identification procedure was not error, nor did it create a substantial risk of a miscarriage of justice.

c. Counsel's failure to request severance. The defendant argues that being tried alongside his codefendant was so prejudicial that it violated his right to a fair trial, and that his attorney's failure to move for severance thus constituted ineffective assistance of counsel. "It is presumed that individuals will be tried together when criminal charges arise out of the same criminal conduct" (quotation and citation omitted). Commonwealth v. Hernandez, 473 Mass. 379, 391 (2015). In this case, the defendant and his codefendant were prosecuted as joint venturers in the same home invasion. The defendant does not contend that their defenses were "mutually antagonistic" or "irreconcilable," cf. Commonwealth v. Moran, 387 Mass. 644, 659 (1982) (failure to sever prevented fair trial where "only realistic escape for either defendant was to blame the other"), but rather that the evidence against his codefendant was "overwhelming" compared to the evidence against him. "[I]f a defendant simply stands a better chance of acquittal if tried alone, severance is not required." Commonwealth v. DeJesus, 71 Mass. App. Ct. 799, 809 (2008). See Commonwealth v. Clarke, 418 Mass. 207, 217 (1994) (joinder did not create unfair prejudice where evidence against one defendant "was slight in comparison to the evidence against" other).

"An ineffective assistance claim based on the failure to bring a motion requires the defendant to show that the motion

6

would likely have been granted."  Commonwealth v. Diaz, 448 Mass. 286, 289 (2007).  "[C]ounsel was not ineffective for failing to file a motion with a minimal chance of success." Commonwealth v. Masonoff, 70 Mass. App. Ct. 162, 168 (2007). The failure to seek severance was not error, nor did it create a substantial risk of a miscarriage of justice.[1]

> Order dated December 18, 2024, denying motion for new trial affirmed.
>
> By the Court (Vuono, Massing & Allen, JJ.[2]),

Clerk

Entered:  December 3, 2025.

---

[1] The defendant also argues that the motion judge erred by denying the fourth new trial motion without an evidentiary hearing.  "A judge may rule on a motion for a new trial . . . without an evidentiary hearing, if no 'substantial issue' is raised."  Commonwealth v. Alemany, 488 Mass. 499, 517 (2021), quoting Commonwealth v. Vaughn, 471 Mass. 398, 404 (2015). Because all the defendant's claims are waived -- and because they are all, in any case, without merit -- his motion did not present any substantial issue.  The motion judge did not abuse his discretion in denying the motion without holding an evidentiary hearing.

[2] The panelists are listed in order of seniority.