COMMONWEALTH *vs.* RÁPHAEL BONEFONT.

No. 91-P-1422.

Worcester. April 9, 1993. - July 29, 1993.

Present: GILLERMAN. KAPLAN. & GREENBERG. JJ.

*Conflict of Interest. Attorney at Law*, Conflict of interest. *Practice, Criminal*, Assistance of counsel.

At a robbery trial, failure of the judge to explain to the defendant a potential conflict of interest resulting from defense counsel's representing the victim's parents in an unrelated Probate Court proceeding was not error requiring reversal of the defendant's conviction, where the record did not reveal any prejudice to the defendant resulting from the joint representation. [56]

INDICTMENT found and returned in the Superior Court Department on January 15, 1991.

The case was tried before *Robert V. Mulkern*, J.

*George A. Hellquist* for the defendant.

*Lynn Morrill Turcotte*, Assistant District Attorney, for the Commonwealth.

GREENBERG, J. We deal in this case with the limited question whether failures in the explication of a potential conflict of interest constitute reversible error.

The defendant was indicted on one count of unarmed robbery together with a codefendant. The strength of the prosecution's case at the jury trial turned on the credibility of the victim, Aldaberto Rosario. The defense mounted a spirited cross-examination suggesting that Rosario fabricated the robbery story to mask a drug deal that had gone awry. The

jury found the defendant guilty, and the defendant brings the issue before us by way of his direct appeal.[1]

The problem arose in the following way. At the close of the evidence and without the attendance of the defendant, the judge conducted an unrecorded but undisputed lobby conference during which defense counsel told the judge and the prosecutor that he was representing the victim's parents in an unrelated guardianship proceeding in the Worcester Probate Court which involved the victim's brother. Next, the judge put the matter on the record — in open court, and queried defense counsel whether the victim knew of this association. Defense counsel responded that he did not know. From the context of the judge's question, it appears that the judge misspoke and meant to ask whether the *defendant* knew about counsel's role in the guardianship matter. The judge undertook no inquiry of the defendant on the point, perhaps for the reason that such a discussion is not required where no genuine conflict of interest appears. See *Commonwealth* v. *Walter*, 396 Mass. 549, 559 (1986); *Commonwealth* v. *Salemme*, 11 Mass. App. Ct. 208 (1981).

However, it is disconcerting that the defendant was not informed by anyone of his right to conflict-free counsel or of his ability to waive it.[2] Throughout the rest of the proceeding

---

[1] The defendant filed a motion for new trial, pro se, presenting the identical claim; the trial judge, however, has retired, and no action has been taken on that motion.

[2] The trial judge was wrong to overlook the question of the defendant's understanding of defense counsel's representation of the parents of a prosecution witness — the safer course would have been to follow the teaching of *Commonwealth* v. *Davis*, 376 Mass. 777, 784 (1978) (where joint representation of defendants was at issue) that "in all criminal actions commencing after the publication date of this opinion, the trial court's obligation to ensure a fair and impartial trial will include an affirmative duty to assure that [the] defendant is adequately informed of the risks . . . [of a potential conflict] and that [the defendant] acknowledges an understanding of this information." Such a colloquy is the preferable practice, and as we stated in *Commonwealth* v. *Wooldridge*, 19 Mass. App. Ct. 162, 170 (1985), avoids the vexatious task of testing after trial "the legal sufficiency of a pretrial waiver of conflict-free counsel." *Id.* at 168. See Smith, Criminal Practice and Procedure § 920 (2d ed. 1983) (suggesting that the better practice is for the judge to question the defendant prior to the proffer of waiver). Additionally, there is no evidence that defense counsel fulfilled

Commonwealth *v.* Bonefont.

this somewhat obtuse reference to the matter was never clarified. On the other hand, there is no basis in the record for a grievance that the defense presented was below par.

On appeal the defendant contends that being left in a state of ignorance about defense counsel's role in the guardianship proceeding amounted to ineffective assistance of counsel and that prejudice need not be established. While that may be the teaching of cases where an actual conflict was shown to exist, see *Commonwealth* v. *Wooldridge,* 19 Mass. App. Ct. 162 (1985), the principles differ where, as here, only a tenuous conflict existed. Where a "potential" or "tenuous" conflict is shown, reversal will not follow without a showing of material prejudice. *Commonwealth* v. *Shraiar,* 397 Mass. 16, 20 (1986). Cf. *United States* v. *Foster,* 469 F.2d 1 (1st Cir. 1972) (where no inquiry is made, the government must prove the unlikelihood of prejudice arising from a joint representation).

The defendant concedes in his brief that defense counsel's involvement in the guardianship matter was sufficiently distinct from representing him at the trial as to be free of any actual conflict.[3] The record contains no indication that the vigor of defense counsel's cross-examination of the victim was sapped because of his involvement in the unrelated probate matter. To the contrary, defense counsel conducted a full-scale attack on Rosario's credibility. See *Commonwealth* v. *Epsom,* 399 Mass. 254, 262-263 (1987). Conspicuously absent is a showing of something specific or concrete which resulted in "forfeiture of a substantial defence," *Commonwealth* v. *Saferian,* 366 Mass. 89, 98 (1974).

*Judgment affirmed.*

---

his obligation to reveal the possibility of a conflict of interest to his client. *Commonwealth* v. *Geraway,* 364 Mass. 168, 175 (1973). Contrast *Commonwealth* v. *Leo,* 11 Mass. App. Ct. 283 (1981).

[3]As there was only a minimal risk that defense counsel's representation might be affected by the alleged conflict of interest, we agree with the defendant that only a potential conflict is present. See *Commonwealth* v. *Epsom,* 399 Mass. 254 (1987). Contrast *Commonwealth* v. *Hodge,* 386 Mass. 165 (1982). For the definition of a "tenuous conflict," see *Commonwealth* v. *Fillipidakis,* 29 Mass. App. Ct. 679, 683 (1991).