Following a jury trial, the defendant was convicted of indecent assault and battery on a child under the age of fourteen, in violation of G. L. c. 265, § 13B. On appeal, he argues that the motion judge, who also was the trial judge, abused her discretion in denying his motion for a new trial based on ineffective assistance of counsel because his trial counsel (i) had an actual conflict of interest, and (ii) failed to introduce evidence purportedly contradicting the victim's testimony. We affirm.
Background. The defendant has not provided a trial transcript and his appeal could be dismissed for that reason alone. See Commonwealth v. Woods, 419 Mass. 366, 371 (1995). Nevertheless, we proceed in our discretion to review his arguments, drawing on the facts, which neither party disputes on appeal, as set forth in the judge's decision.
In 1998, the defendant, who was dating the victim's mother, lived with the mother, the victim, and the victim's three brothers. The mother worked two jobs, and the defendant was regularly the only adult supervising the victim. The victim testified that one night when she was five years old, she walked into the defendant's bedroom while he was watching pornography and masturbating. The defendant told the victim to masturbate him, and she complied. Later that year, the defendant again told the victim to touch his penis.
Discussion. We review the denial of the defendant's motion for new trial for abuse of discretion. Commonwealth v. Cameron, 473 Mass. 100, 104 (2015).
a. Conflict of interest. The defendant argues that the judge abused her discretion in denying his motion because his trial counsel had a conflict of interest, stemming from his representation of the victim's father in a prior criminal proceeding. We find no such abuse. To begin, the defendant failed to show the existence of an actual conflict of interest adversely affecting his counsel's performance. He provided no indication of the nature of the prior representation or how it affected trial counsel's representation of him. See Commonwealth v. Leo, 11 Mass. App. Ct. 283, 285-286 (1981) (no genuine conflict of interest where trial counsel previously had represented sexual assault victim's father). See also Commonwealth v. Bonefont, 35 Mass. App. Ct. 54, 56 (1993) (no genuine conflict of interest where trial counsel represented victim's parents in separate proceeding during same time he represented defendant). Moreover, even if a potential conflict existed, the defendant's failure to show any material prejudice arising from the conflict is fatal.[2] See ibid.
b. Ineffective assistance. Trial counsel failed timely to disclose greeting cards supposedly from the victim. The defendant argues that because the cards were sent after the abuse, they supported his defense at trial that the abuse allegations were fabricated. Because the cards were not timely disclosed by trial counsel to the prosecutor, they were excluded from evidence. On appeal, the defendant argues that trial counsel was ineffective.
We evaluate a claim of ineffective assistance by applying the familiar two-part test: (1) whether the defendant has demonstrated "serious incompetency, inefficiency, or inattention of counsel-behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer," and if so, (2) whether counsel's poor performance "likely deprived the defendant of an otherwise available, substantial ground of defence." Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). Where, as here, the motion does not include an affidavit of trial counsel, the claim of ineffective assistance of counsel is in its "weakest form ... because it is bereft of any explanation by trial counsel for his actions and suggestive of strategy contrived by a defendant viewing the case with hindsight." Commonwealth v. Peloquin, 437 Mass. 204, 210 n.5 (2002).
To begin, the defendant did not show that the cards were otherwise admissible.[3] See Commonwealth v. Bertrand, 385 Mass. 356, 367 (1982). Furthermore, assuming the cards could have been admitted, the judge did not abuse her discretion in concluding that the absence of the cards did not deprive the defendant of a substantial defense in view of the victim's age at the time the cards were written, the fact that she continued to live with her mother and the defendant after the abuse, and the likelihood that the cards were sent at the direction of the mother. In light of the special deference we give to a motion judge who also presided over the trial, Commonwealth v. Forte, 469 Mass. 469, 488 (2014), we decline to disturb her conclusion that the cards had insignificant evidentiary value. See Commonwealth v. Hudson, 446 Mass. 709, 725-726 (2006).[4]
Order denying motion for new trial affirmed.

The defendant also cites United States v. Foster, 469 F.2d 1, 4-5 (1st Cir. 1972), for the proposition that the burden is on the Commonwealth to prove that no prejudice resulted from the potential conflict. This argument has no merit because the Foster rule is now expressly limited to circumstances where an attorney is potentially conflicted by joint representation of two or more defendants. United States v. Newton, 326 F.3d 253, 264 n.10 (1st Cir. 2003).

One of the cards was undated, and the other included discrepancies in the handwriting of the date.

The defendant also argues that the cumulative effect of these supposed errors requires a new trial. Because we find that neither alleged error prejudiced the defendant, this argument lacks merit. See Commonwealth v. Walker, 421 Mass. 90, 104-105 (1995).