15 F.3d 1090
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Juan AISPURO-TORRES, Defendant-Appellant.
 No. 91-30380.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 16, 1993.
Decided Jan. 25, 1994.
 
 Before: BROWNING, NORRIS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant appeals the denial of his motion to vacate his conviction under 28 U.S.C. Sec. 2255 (1988).
 
 
 3
 * To demonstrate ineffective assistance of counsel, appellant must show that counsel's actions were outside the wide range of professionally competent assistance, and that the defendant was thereby prejudiced. See Strickland v. Washington, 466 U.S. 668, 687-90 (1984). Appellant alleges five instances of counsel error.[1]
 
 
 4
 * Appellant argues that his counsel should have objected when the prosecutor elicited statements from the informant that he had purchased cocaine from appellant on previous occasions. For evidence to be admitted under Fed.R.Evid. 404(b), the prosecution must offer sufficient evidence for a jury to believe that appellant, in fact, committed the prior acts. See United States v. Ramirez-Jimenez, 967 F.2d 1321, 1326 (9th Cir.1992). Appellant argues that because the informant testified about these previous purchases without any detail, the testimony would have been excluded if trial counsel had objected. Although appellant may be correct, he can show no prejudice. Upon the objection, the prosecutor would have merely elicited more details from the informant. And with such additional testimony, this evidence could have been admitted to show opportunity, intent, preparation, plan, or knowledge. See Fed.R.Evid. 404(b).
 
 B
 
 5
 The informant's telephone conversation with appellant's co-defendant was admitted under the co-conspirator exception of the hearsay rule, Fed.R.Evid. 801(d)(2)(E). Before admitting evidence under this exception, the court must "have independent evidence of the existence of the conspiracy and of the defendant's connection to it...." United States v. Layton, 720 F.2d 548, 555 (9th Cir.1983). Appellant argues that trial counsel should have objected because there was insufficient evidence that appellant belonged to the conspiracy. On direct appeal of appellant's conviction, we held that there was sufficient evidence for "a rational trier of fact to have determined that [appellant] knowingly acted in furtherance of a conspiracy to distribute cocaine." Therefore, even if trial counsel had objected, the district court would have admitted the evidence, and such an evidentiary ruling would not have been an abuse of discretion. Because admitting the evidence was not error, failure to object to the evidence was a fortiori not error.
 
 C
 
 6
 The prosecutor asked the informant: "Have any promises been made to you by agents of the DEA or my office in return for your testimony today, other than to ask you to tell the truth?" The informant answered "No." This colloquy was not vouching because the informant's credibility was challenged in appellant's opening statement at trial. And it is settled law that the prosecution may elicit the "truthful testimony" requirement of a plea agreement in "response to an attack on the witness's credibility because of his plea bargain." United States v. Monroe, 943 F.2d 1007, 1013 (9th Cir.1991).
 
 
 7
 The prosecutor also asked a detective: "[W]ould it be fair to say that [the informant] had lived up to any deal he had made with law enforcement agents?" The detective responded, "I'm sure he had, yes." Although this colloquy may constitute vouching, appellant cannot show that he was prejudiced by this isolated incident, especially when the government informant was thoroughly cross-examined.
 
 D
 
 8
 Appellant argues that because of a conflict of interest, trial counsel asked inculpatory questions to government witnesses in order to elicit testimony that would help counsel in a related criminal trial.[2] But there are reasonable strategic explanations for these allegedly inculpatory questions: it appears that counsel was trying to attack the government informant's credibility (about his recollection of phone calls) and to show that appellant's fingerprints were not on the cocaine package. Appellant has not offered any evidence that there was any actual conflict of interest suffered by trial counsel. Furthermore, he has not offered any theory to explain how counsel's conduct of appellant's defense could have redounded to the benefit of counsel's other criminal defendant. We cannot "create a conflict of interest out of mere conjecture as to what might have been shown." Willis v. United States, 614 F.2d 1200, 1203 (9th Cir.1979) (quoting Lugo v. United States, 350 F.2d 858, 859 (9th Cir.1965)).
 
 
 9
 Our scrutiny of ineffective assistance claims is "highly deferential," and we "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance...." Strickland, 466 U.S. at 689. After reviewing appellant's claims of counsel error, we hold that appellant did not suffer from ineffective assistance of counsel.
 
 II
 
 10
 Appellant's next argument appears to be an extension of the ineffective assistance claim. At trial, counsel failed to request in camera review of the personnel records of a particular officer who testified. In his Sec. 2255 motion, appellant argued that trial counsel thereby provided ineffective assistance. On appeal, appellant argues that at the least, the district court should have held an evidentiary hearing to determine "whether information in [that detective's] personnel record could [have] affect[ed] his testimony...." For support, appellant cites Sec. 2255, which states that upon a motion to vacate the judgment, the court shall hold a hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."
 
 
 11
 If appellant's argument is that contrary to Sec. 2255, no hearing whatsoever was held on his motion to vacate the judgment, he is mistaken. Such a hearing was in fact held, at which memoranda were filed and oral argument heard. If appellant's argument is that the court should have conducted a specific evidentiary hearing on what would have happened if trial counsel had requested the personnel files of the particular detective, then the court's refusal to do so was not an abuse of discretion. At oral argument, the court made clear that in camera review of the detective's personnel files would not have "changed the outcome of this case," because in a related case, "that very request was lodged and the Court reviewed the personnel files in camera and found that there was absolutely no basis for any claim that [the detective was] motivated in any way besides a respectable enthusiasm for enforcing the law."
 
 
 12
 Appellant's conviction and sentence are AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We do not address the issue of procedural bar of the ineffective assistance claim because the government does not raise it. See Boardman v. Estelle, 957 F.2d 1523, 1536-37 (9th Cir.1992) (per curiam) (a state's failure to raise a Teague v. Lane or nonexhaustion defense in district court and on appeal gives court discretion to refuse to consider the arguments raised first in a petition for rehearing)
 
 
 [2]
 On cross-examination of the informant, counsel asked "And isn't it true that you told the authorities previously that [appellant] had gone down to California and was on his way back with these two kilos, and that's when he called you?" The informant responded, "You're pretty close."
 In direct examination of a police detective, counsel asked "did [the informant] tell you shortly after his arrest ... that [appellant] had gone to California a month and a half previously to that day?" The detective responded, "Traveled to Mexico and California."