COMMONWEALTH vs. JOSEPH WATSON.

Suffolk. December 4, 1990. - January 14, 1991.

Present: LIACOS, C.J., WILKINS, ABRAMS, O'CONNOR, & GREANEY, JJ.

*Practice, Criminal,* New trial, Voluntariness of statement.

A criminal defendant's third motion for a new trial, raising the issue of the
   voluntariness of a statement the defendant made to police officers, was
   properly denied by a Superior Court judge, as a matter of discretion
   and without a hearing, where the ground for relief could have been
   raised in previous proceedings and appeals and thus had been waived.
   [112-113]
A criminal defendant did not demonstrate that the denial of his third mo-
   tion for a new trial would result in "manifest injustice" if not reversed.
   [114-115]


INDICTMENT found and returned in the Superior Court De-
partment on February 5, 1976.

A motion for a new trial, filed on December 18, 1986, was
considered by *Walter E. Steele,* J.

*James L. Sultan* for the defendant.

*Lauren Inker,* Assistant District Attorney, for the
Commonwealth.

GREANEY, J. We conclude that the defendant's third mo-
tion for a new trial was properly denied by a judge of the
Superior Court, as a matter of discretion and without a hear-
ing on its merits, because the ground for relief could have
been raised in previous proceedings and appeals and thus has
been waived.

The procedural history of the case is as follows. A jury in
the Superior Court convicted the defendant of murder in the
first degree on May 27, 1976. He thereafter filed a motion
for a new trial based principally on the recantation of a pros-
ecution witness. That motion was denied by the trial judge,

and the appeal from the order denying the motion was consolidated with the defendant's direct appeal. On April 13, 1979, this court affirmed the judgment of conviction, found no basis for relief pursuant to G. L. c. 278, § 33E, and affirmed the order denying the motion for a new trial. See *Commonwealth* v. *Watson*, 377 Mass. 814 (1979).

On October 27, 1980, the defendant filed a second motion for a new trial alleging that he was denied the effective assistance of counsel at his trial. A second Superior Court judge denied the motion on December 15, 1982, and an application for leave to appeal filed pursuant to G. L. c. 278, § 33E, was denied by a single justice of this court.

On June 12, 1984, the defendant filed a petition for habeas corpus in the United States District Court for the District of Massachusetts. Counsel was appointed for the defendant and an amended petition was filed on November 8, 1984. In his amended petition, the defendant asserted that the refusal by the trial judge to permit the defendant to introduce in evidence a tape recording of his custodial interrogation by a Boston police detective to show that his statements during the interrogation were involuntary, violated his Federal constitutional rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. The petition was dismissed without prejudice on August 7, 1986, on the ground that the defendant had failed to exhaust his rights in the Massachusetts State courts.

The defendant filed his third motion for a new trial in the Superior Court on or about December 12, 1986. Following the appointment of counsel, an amended motion for a new trial was filed on or about June 22, 1987, in which the defendant raised the question of the need for the tape recording in evidence at the 1976 trial to prove the involuntariness of his statements to the police. The motion was considered by a third Superior Court judge who entered a memorandum of decision denying it on July 20, 1988. An appeal from the order of denial was permitted on April 12, 1990, by a single justice of this court pursuant to G. L. c. 278, § 33E.

" '[A] motion for new trial may not be used as a vehicle to compel . . . review and [consideration of] questions of law,' on which a defendant has had his day in an appellate court, or [on which he has] forgone that opportunity. *Commonwealth* v. *McLaughlin*, 364 Mass. 211, 229 (1973). While a judge does have the discretion to rehear such questions, this court has recommended restricting the exercise of that power to 'those extraordinary cases where, upon sober reflection, it appears that a miscarriage of justice might otherwise result.' *Commonwealth* v. *Harrington*, 379 Mass. 446, 449 (1980)." *Fogarty* v. *Commonwealth*, 406 Mass. 103, 107-108 (1989). The rule of waiver "applies equally to constitutional claims which could have been raised, but were not raised" on direct appeal or in a prior motion for a new trial. *Commonwealth* v. *Deeran*, 397 Mass. 136, 139 (1986).

The evidence in question consisted of a tape recording of the detective's interview (roughly ten minutes long) of the defendant on the day of his arrest. The trial judge excluded both the tape recording and a typed transcript of the recording from evidence and, over defense counsel's objection, permitted the police detective to testify to a small portion of the interrogation which dealt with the defendant's whereabouts on the afternoon of his arrest. The detective stated that the defendant told him that he (the defendant) had cashed his paycheck at a named bank on the afternoon of the murder. Evidence was subsequently introduced at the trial (including the check itself) that showed that the check had been cashed at 9:12 A.M. on the day of the homicide. During his closing argument, the prosecutor contended that the defendant's false statement to the detective (that he had cashed his check on the afternoon of the homicide) displayed consciousness of guilt.

The defendant now maintains in his third motion for a new trial that the entire tape recording of the questioning should have been admitted to show that the statement was involuntary, or lacking in weight, because, while being interrogated, he was intoxicated and confused. The defendant argues that the failure to admit the tape recording in evidence at the

trial denied him his constitutional right to a fair trial because it was the best proof on the issue of voluntariness.

That this issue could have been raised long before the third motion is clear. On January 29, 1982, in *Commonwealth* v. *Tavares*, 385 Mass. 140, 149-153, cert. denied, 457 U.S. 1137 (1982), we extended our "humane practice," that had previously only applied to confessions, to all incriminating statements made by an accused. We required that the issue of the voluntariness of such statements be submitted to the jury with instructions that the prosecution must establish voluntariness beyond a reasonable doubt. *Tavares* was decided before the defendant filed his second motion for a new trial for which he had the assistance of counsel. Moreover, in his memorandum of decision, the judge also stated the following:

> "Furthermore, prior to *Commonwealth* v. *Tavares*, decided in 1982, the Supreme Judicial Court had questioned the practice of distinguishing admissions from confessions for purposes of determining the 'voluntariness' of a defendant's statement. *Commonwealth* v. *Tavares, supra* at 150. '"[W]e have in recent years questioned whether the same safeguards might not be required for inculpatory statements which fall short of a confession." *Commonwealth* v. *Vick*, 381 Mass. 43, 45 (1980). *Commonwealth* v. *Garcia*, 379 Mass. 422, 432 (1980). *Commonwealth* v. *Fournier*, 372 Mass. 346, 348 (2977). See P.J. Liacos, Massachusetts Evidence 322 (5th ed. 1981).' Thus, the [c]ase [l]aw since 1977 would have afforded the defendant an opportunity to develop the issue of the 'voluntariness' of his admission on his direct appeal to the Supreme Judicial Court in 1978 and in his motion for a new trial in 1982."

There is no error in the judge's conclusion that the defendant understood the significance of the voluntariness issue at the time of his trial, and at the times he filed motions for a new trial in 1977 and 1982.

The question remains whether the defendant has shown that this is a truly extraordinary case where consideration of the merits of his third motion for a new trial is required. "A judge's decision to deny a motion for a new trial — and thus to conclude justice was done at trial, Mass. R. Crim. P. 30 (b), 378 Mass. 900 (1979) — will not be disturbed unless a review of the defendant's case shows that the decision, if not reversed, will result in 'manifest injustice.' " *Fogarty* v. *Commonwealth, supra* at 110 (1989), quoting *Commonwealth* v. *Tobin*, 392 Mass. 604, 619 (1984). For three reasons, we cannot say that the judge's decision, if not reversed, will result in manifest injustice.

First, there was testimony at the trial by the defendant's trial counsel that there was a noticeable odor of alcohol emanating from the defendant on the night of his arrest, that the defendant's speech was slurred, and that he spoke with a Spanish accent. *Commonwealth* v. *Watson*, 377 Mass. 814, 821 (1979). Thus, because of counsel's testimony, the jury had before them information concerning the defendant's condition that he claims the tape recording would have presented.

Second, the judge instructed the jury that they could consider whether the defendant had consumed alcohol to such an extent that it affected the accuracy of any statement he had made to the police. Therefore, this is not a case where the issue of the defendant's intoxication on the trustworthiness of his statement went entirely unaddressed before the jury and could not have been considered by them.

Third, and finally, an eyewitness to the shooting identified the defendant as the gunman. *Id*. at 817. Another witness testified that, on the day before the shooting, the defendant told her that he was going to kill the victim the next day. *Id*. at 819. The same witness testified that, shortly after the shooting, she saw the defendant "walking fast" away from where the victim's body lay. *Id*. Considering these circum-

stances, we cannot say that the judge's decision will result in manifest injustice.

*Order denying motion for*
*new trial affirmed.*