## COMMONWEALTH vs. PHILIP J. GAGLIARDI, SR.

Middlesex. March 8, 1994. - August 4, 1994.

Present: LIACOS, C.J., ABRAMS, NOLAN, O'CONNOR, & GREANEY, JJ.

*Practice, Criminal*, New trial, Instructions to jury, Assistance of counsel, Retroactivity of judicial holding. *Homicide. Malice. Intoxication. Constitutional Law*, Assistance of counsel.

In a criminal case, the trial judge did not err in denying the defendant's motion for a new trial based on a claim with respect to the judge's instructions on intoxication and malice aforethought that could have been raised in the defendant's direct appeal but was not. [564-566]

In a criminal case, the trial judge did not err in denying the defendant's motion for a new trial based on alleged ineffective assistance of counsel where the defendant had either already raised those claims on direct appeal or could have raised them but did not. [566-567]

There was no merit to a criminal defendant's contention, supporting his motion for a new trial, that the judge at his trial had failed to instruct the jury on the presumption of innocence and the burden of proof. [567-570]

At a murder trial the judge's instructions to the jury correctly conveyed to them the level of proof required to convict the defendant. [570-572]

In a criminal case, the trial judge did not abuse his discretion in declining to hold a hearing on the defendant's motion for a new trial where the only substantial issue raised was the issue regarding the judge's instructions on reasonable doubt, a question of law on which a hearing would not be useful. [572]

INDICTMENT found and returned in the Superior Court Department on January 17, 1984.

A motion for a new trial, filed on January 29, 1993, was considered by *James D. McDaniel, Jr.*, J.

The Supreme Judicial Court granted a request for direct appellate review.

*Paul J. Haley* for the defendant.

*James W. Sahakian,* Assistant District Attorney, for the Commonwealth.

LIACOS, C.J. The defendant appeals from the denial of his motion for a new trial following his conviction of murder in the second degree. On appeal, the defendant argues that the judge erred in denying that motion. The defendant repeats to us the arguments he put before the judge below. We affirm.

On April 5, 1984, after a jury trial in the Superior Court on an indictment charging him with murder in the first degree, the defendant was convicted of murder in the second degree. On April 10, 1984, the defendant filed a motion for a new trial pursuant to Mass. R. Crim. P. 30 (b), 378 Mass. 900 (1979). After that motion was allowed by the trial judge, the Commonwealth appealed. The Appeals Court affirmed the granting of the motion for a new trial. *Commonwealth* v. *Gagliardi,* 21 Mass. App. Ct. 439 (1986) (*Gagliardi I*).

The defendant was retried before a jury in a trial presided over by another judge in the Superior Court. On October 30, 1987, the defendant again was convicted of murder in the second degree and was sentenced to life imprisonment at the Massachusetts Correctional Institution at Cedar Junction. The defendant appealed and was represented by new appellate counsel, who was not trial counsel at the second trial. After considering the numerous issues raised by the defendant, the Appeals Court affirmed the defendant's conviction on September 19, 1990. *Commonwealth* v. *Gagliardi,* 29 Mass. App. Ct. 225 (1990) (*Gagliardi II*). We denied the defendant's application for further appellate review. 408 Mass. 1103 (1990).

Represented by other counsel, the defendant, pursuant to rule 30 (b), filed a motion for a new trial, accompanied by a sixty-five page memorandum of law dated November 20, 1992. The judge who considered the motion for a new trial had presided over the defendant's second trial. The judge denied the defendant's motion on waiver grounds without a hearing, relying on *Commonwealth* v. *Watson,* 409 Mass.

110, 112 (1991), and *Commonwealth* v. *Sowell*, 34 Mass. App. Ct. 229, 230 (1993).[1]

Again represented by new counsel, the defendant has appealed from the Superior Court judge's denial of his motion for a new trial. We granted the defendant's application for direct appellate review. We affirm. The judge having denied the motion for a new trial without considering the issues raised by the defendant, we need, in a noncapital case, to consider only those issues that have some constitutional basis, or which were not open to the defendant on direct appeal. See *Commonwealth* v. *Curtis*, 417 Mass. 619, 623-625 (1994).

1. *Jury instructions on intoxication and malice afore-thought.* The first argument asserted by the defendant in his motion for a new trial was that the trial judge committed error amounting to a substantial risk of a miscarriage of justice in instructing the jury on the issue of intoxication as it relates to the mental element of the charge of murder, that is, the issue of the defendant's malice aforethought. See *Commonwealth* v. *Sama*, 411 Mass. 293, 298-299 (1991). The defendant also argues that his trial counsel's failure to object when the judge did not give the instruction requested on this issue, and his appellate counsel's failure to raise this issue on appeal both amounted to ineffective assistance of counsel.

Rule 30 (b) provides that a "trial judge upon motion in writing may grant a new trial at any time if it appears that justice may not have been done." See *Commonwealth* v. *Stewart*, 383 Mass. 253, 257 (1981). The decision whether to grant a new trial is left to the discretion of the judge unless

---

[1]In declining to hold a hearing on the motion for a new trial, the judge explained: "After considering memoranda and submissions of counsel [for both the defendant and the Commonwealth] together with the court's most intimate knowledge of the factual background of the case derived from presiding at the long and thorough trial, which was relentlessly and earnestly contested every step of the way by defendant's trial counsel, the court concludes that there is no substantial issue raised which necessitates a hearing, evidentiary or otherwise, in the circumstances."

the " 'original trial was infected with prejudicial constitutional error.' " *Id.*, quoting *Earl* v. *Commonwealth*, 356 Mass. 181, 184 (1969). The denial of a motion for a new trial will not be reversed unless the defendant demonstrates that the decision denying a new trial, if not reversed, will result in "manifest injustice." *Commonwealth* v. *Watson*, 409 Mass. 110, 114 (1991).

In *Watson*, *supra* at 112, we described the waiver rule, which prevents the defendant from raising issues in a motion for new trial that he could have raised during a direct appeal:

> " ' "[A] motion for new trial may not be used as a vehicle to compel . . . review and [consideration of] questions of law," on which a defendant has had his day in an appellate court, or [on which he has] forgone that opportunity. *Commonwealth* v. *McLaughlin*, 364 Mass. 211, 229 (1973). While a judge does have the discretion to rehear such questions, this court has recommended restricting the exercise of that power to "those extraordinary cases where, upon sober reflection, it appears that a miscarriage of justice might otherwise result." *Commonwealth* v. *Harrington*, 379 Mass. 446, 449 (1980).' *Fogarty* v. *Commonwealth*, 406 Mass. 103, 107-108 (1989). The rule of waiver 'applies equally to constitutional claims which could have been raised, but were not raised' on direct appeal or in a prior motion for a new trial. *Commonwealth* v. *Deeran*, 397 Mass. 136, 139 (1986)."

The defendant has the burden of demonstrating why "this is a truly extraordinary case where consideration of the merits of [his motion for a new trial] is required." *Watson*, *supra* at 114.

The defendant asserts that there is no waiver issue here because his trial counsel requested an instruction consistent with the holding in *Commonwealth* v. *Grey*, 399 Mass. 469, 471-472 (1987), but failed to object when that instruction

was not given. The defendant argues that there is no issue of the retroactivity of *Commonwealth* v. *Sama, supra* at 299, because the issue was brought up at trial through counsel's request for an instruction consistent with *Grey*.

*Commonwealth* v. *Grey*, 399 Mass. 469 (1987), was decided before the defendant's second trial, and *Commonwealth* v. *Sama*, 411 Mass. 293 (1991), was decided after the defendant's appeal from his conviction was decided. As was the case with the rule announced in *Grey, supra* at 471-472, the rule announced in *Sama, supra* at 299, will not be applied retroactively when raised in a collateral appeal. See *Commonwealth* v. *Bray*, 407 Mass. 296, 297, 303 (1990). See also *Commonwealth* v. *Robinson*, 408 Mass. 245, 248 & n.3 (1990). The trial judge did not err in denying the defendant's motion for a new trial based on this ground.[2]

2. *Ineffective assistance of trial counsel and appellate counsel.* The defendant makes the argument that several failures by trial counsel, not raised on appeal by appellate counsel, constituted ineffective assistance of both. These are (1) failure to object to the judge's instructions on intoxication and malice aforethought (discussed above) and the judge's instruction on reasonable doubt (discussed separately below); (2) failure to request an alibi instruction; and (3) failure to request reopening of the suppression hearing.

---

[2]We note that, during a hearing on the defendant's motion to reduce his sentence and in his brief to the Appeals Court, the defendant's counsel revealed that the trial strategy was to limit evidence of the defendant's intoxication and arguments based thereon to avoid the prejudicial effect they might have on the jury. We cannot say that this was an unreasonable trial strategy and, if we had to consider the issue, we doubt that we would conclude that failure to press this issue with the judge amounted to ineffective assistance of counsel.

We further observe that on direct appeal to the Appeals Court, *Commonwealth* v. *Gagliardi*, 29 Mass. App. Ct. 225 (1990) (*Gagliardi II*), the defendant argued that the evidence was insufficient to convict him because his intoxication prevented him from possessing the requisite mental state. The Appeals Court passed on and rejected this argument. *Gagliardi II, supra* at 245-246. The defendant now attempts to use the same factual circumstances which gave rise to his unsuccessful argument in the Appeals Court in fashioning a new argument which he previously could have made on direct appeal. This he may not do.

As with the argument regarding the judge's instructions on intoxication and malice aforethought, the defendant has failed to demonstrate why this is an extraordinary case in which we should not apply the waiver rule to the issue of ineffective assistance of counsel. The attempt to argue failure of appellate counsel is meritless. Indeed, it seems to us that the defendant has already had his day in court as to these issues.

We already have commented on argument (1) in the preceding section, and here we comment briefly on arguments (2) and (3). As for argument (2), the failure to request an alibi instruction, we note that the defendant raised this issue in his brief on direct appeal, although he did not use the term "alibi." Instead, he asserted the failure of the trial judge to instruct on "his [the defendant's] theory of the case," and, in doing so, discussed the evidence at trial which the defendant now points to as supporting an "alibi." The Appeals Court addressed this issue thoroughly, and we agree with its conclusion that there was no reversible error on this point. *Gagliardi II, supra* at 242-243.

As for argument (3), the failure to request reopening of the suppression hearing, we note that the defendant argued to the Appeals Court, in the section of his brief discussing the late production or nonproduction of evidence, that the case should be remanded for a rehearing of the suppression hearing. The Appeals Court rejected this argument, a conclusion we also support. *Id.* at 232 n.5.

We conclude that the defendant either has had his day in appellate court or has made no persuasive argument that (1) the judge committed reversible error in the instructions as to intoxication and malice aforethought, or (2) as to refusal to give an alibi instruction, or (3) in declining to order the reopening of the suppression hearing. We discuss the failure to object to the reasonable doubt instruction below.

3. *Instruction on reasonable doubt.* The defendant's final argument in favor of granting his motion for a new trial is that the judge's instructions on reasonable doubt were constitutionally defective. The defendant cites to us the recent de-

cision of the United States Supreme Court in *Sullivan* v. *Louisiana*, 113 S. Ct. 2078 (1993). We choose not to apply the waiver rule of *Watson, supra* at 112, because if, as the defendant argues, the instruction on reasonable doubt given at his trial was constitutionally deficient in that it permitted the jury to convict the defendant on proof less than proof beyond a reasonable doubt, a substantial miscarriage of justice very likely would result. Cf. *Sullivan, supra* at 2081; *Victor* v. *Nebraska*, 114 S. Ct. 1239, 1250-1251 (1994). See also *Commonwealth* v. *Garcia*, 379 Mass. 422, 445 (1980) (Liacos, J., dissenting) (erroneous charge on reasonable doubt cannot be harmless error).

The defendant argues that the instruction on reasonable doubt given at his trial was deficient in two respects.[3] First,

---

[3]The defendant reproduces the following excerpt from the judge's charge to the jury:

"Proof beyond a reasonable doubt does not mean proof beyond all doubt, nor proof beyond a whimsical or fanciful doubt, nor proof beyond the possibility of innocence. A reasonable doubt does not mean such doubt as may exist in the mind of a man or woman who is earnestly seeking for doubts or for an excuse to acquit a defendant. But it means such doubt as remains in the mind of a reasonable man or woman who is earnestly seeking the truth.

"A fact is proved beyond a reasonable doubt when it is proved to a moral certainty as distinguished from an absolute or mathematical certainty. The kind of certainty you have when you add two and two and get four. When it is proved to a degree of certainty that satisfies the judgment and the consciences of the jury as reasonable men and women and leaves in their minds a clear and settled conviction of guilt. But if, when all [is] said and done, there remains in the jury any reasonable doubt of the existence of any fact which is essential to the guilt of the defendant, the defendant must have the benefit of it by acquittal.

"It is not proof beyond all doubt, all or imaginary doubt, but such proof as precludes every reasonable hypothesis except that which it tends to support. It is proof to a moral certainty as distinguished from an absolute certainty. It signifies such proof as satisfies the judgment and the consciences of the jury as reasonable people in their applying reason to the evidence before them that the crime charged has been committed by the defendant and so leaves them with no other reasonable conclusion possible.

"The jury must be satisfied to a reasonable and moral certainty that the defendant committed the crime for which he is charged in

the defendant argues, the instruction failed to inform the jury "where the burden lies and whom the presumptions favor." Second, the defendant argues that the judge's use of the phrase "moral certainty" four times in his instruction on reasonable doubt was a plain error of law.

The defendant's first argument ignores the following part of the judge's instruction:

"Now, there are two legal principles upon which our criminal jurisprudence is founded. And you have heard a discussion of it throughout. One is presumption of innocence and the other one is the burden of proof for the Commonwealth to prove a defendant's guilt with the crime charged beyond a reasonable doubt.

---

this case. It is not enough to establish a probability that the fact charged is more likely to be true than the contrary. The evidence must establish the truth of the fact to a reasonable and moral certainty, a certainty that convinces and directs the judgment and satisfies the understanding and the reason of those who are bound to act conscientiously upon it.

"In essence, therefore, it might be said a reasonable doubt means a doubt that remains in the minds of responsible men and women who earnestly seek for the truth."

With the exception of the last paragraph, the quoted portion of the judge's charge is substantially the same as the charge we approved in *Commonwealth* v. *Little*, 384 Mass. 262, 266-267 & nn. 4 & 5 (1981). We noted that the *Little* instruction faithfully tracks the language of *Commonwealth* v. *Webster*, 5 Cush. 295, 320 (1850). In *Commonwealth* v. *A Juvenile (No. 2)*, 396 Mass. 215 (1985), we noted that the charge quoted in *Little*, *supra* at 266 n.4, contained an error in the third paragraph because it read, "It is not proof beyond all reasonable doubt," but concluded nevertheless that, read as a whole, the charge was not deficient. *Commonwealth* v. *A Juvenile (No. 2)*, *supra* at 218-220 & nn. 2, 4.

Our later comment in *Commonwealth* v. *Santos*, 402 Mass. 775, 788 (1988), that the *Little* instruction "misstates the proper instruction for reasonable doubt and should not be used" referred to the phrase at issue in *Commonwealth* v. *A Juvenile (No. 2)*, *supra*. Here, however, the judge instructed the jury using a corrected *Little* instruction. See *id.* at 220 n.4. While the *Webster* charge is preferable, the corrected *Little* instruction is faithful to the language of *Webster* and currently remains a permissible charge.

"Now, as to the first — presumption of innocence. Every defendant, as I have indicated to you earlier, in a criminal case in this Commonwealth is presumed to be innocent. This legal presumption of his innocence is no mere idle theory to be cast aside by the jury through mere caprice, passion, or prejudice. The defendant is not to be found guilty upon suspicion or [conjecture] but only upon evidence produced in this Courtroom. The fact that the defendant was indicted is not to be regarded as a circumstance tending to incriminate him or creating against him unfavorable impressions.

"An indictment, as I said earlier, is merely a piece of paper used to get a defendant before the Court and inform the defendant of the charges made against him. A presumption is not evidence, but it is a rule of law which governs until sufficient evidence to the contrary appears. As I have already mentioned, the defendant is presumed to be innocent[,] he need not prove that he is innocent. The burden of proof is upon the Commonwealth. The Commonwealth must prove beyond a reasonable doubt that the defendant is guilty of the charge made against him. A verdict of guilty cannot be based upon mere probability, presumption, speculation, or suspicion.

"The second legal principle is that of reasonable doubt. I would ask you to listen closely to this charge on this particular instruction. Now, that standard imposed upon the Commonwealth is the standard of proof beyond a reasonable doubt."

The judge then continued his instruction with the language quoted at note 3, *supra*. Thus, it is only through the defendant's recitation of the judge's instruction that the instruction appears to contain no language regarding where the burden lies and whom the presumptions favor.

The defendant's second argument is that the "repeated use of the phrase 'to a moral certainty' and the equation of rea-

sonable doubt to a 'degree of moral certainty' " was errone-
ous. More specifically, the defendant argues that use of the
phrase "moral certainty" in isolation without more explana-
tion of the high degree of certainty required for conviction
reduces the burden on the Commonwealth to a level below
proof beyond a reasonable doubt. Furthermore, the defend-
ant argues, since the judge used "moral certainty" four
times, he put an "emphasis on the defendant's acquittal
where there is doubt to a moral certainty, without stating on
whom the burden lies," thus violating the defendant's rights
under *In re Winship*, 397 U.S. 358, 364 (1970).[4]

We would tend to agree with the defendant that use of the
term "moral certainty" in isolation without further explana-
tion might amount to an erroneous instruction on reasonable
doubt. See *Victor, supra* at 1245-1248.[5] That is not the case
here, however. In each instance where the judge used "moral
certainty," he immediately expounded on that concept. The
explanations of "moral certainty," following each occurrence
of that term, and linked to it, informed the jury of the high
degree of certainty they must possess to convict the defend-
ant. The judge further clearly informed the jurors that the
Commonwealth had the burden of producing evidence and
the burden of proof to persuade the jury to this high degree

[4]This part of the defendant's argument is confusing. As we have stated,
the judge properly instructed the jury that the Commonwealth in all in-
stances bore the burden of proof. In addition, at no point did the judge
instruct the jury that they should acquit "where there is doubt to a moral
certainty," nor could his instructions be read as suggesting that. Instead,
the judge's use of the term "moral certainty" came in the context of ex-
plaining "proof beyond a reasonable doubt."

Along this line, contrary to the defendant's assertion, we find no in-
stance where the judge equated "reasonable doubt to 'a degree of moral
certainty.' " Rather, the judge equated "a fact *proved* beyond a reasonable
doubt" with "moral certainty" (emphasis supplied).

[5]The United States Supreme Court discussed the Nineteenth Century
understanding of "moral certainty" in *Victor* v. *Nebraska*, 114 S. Ct.
1239, 1245-1246 (1994). The Court noted that the phrase likely has lost
its historical meaning with the passage of time and that, therefore, the
phrase may be confusing to modern jurors. *Id.* at 1247. We need not reach
that question in the circumstances of this case, as we see no error in the
charge as given.

of certainty, and that they must acquit if any reasonable doubt existed in their minds. Viewing the instruction as a whole, see *Victor, supra* at 1243, citing *Holland* v. *United States,* 348 U.S. 121, 140 (1954), we conclude that the instruction correctly conveyed to the jury the level of proof required to convict the defendant.

4. *Remaining issues.* The defendant asserts that the cumulative effect of the errors asserted by him requires the granting of his motion for a new trial. Since we have found no errors, however, there is no cumulative effect.

Finally, the defendant argues that the judge erred in denying his motion for a new trial without holding a hearing. A judge "may rule on the issue or issues presented by such motion on the basis of the facts alleged in the affidavits without further hearing if no substantial issue is raised by the motions or affidavits." Mass. R. Crim. P. 30 (c) (3), 378 Mass. 900 (1979). The decision whether to hold a hearing is left to the sound discretion of the judge. *Commonwealth* v. *Stewart,* 383 Mass. 253, 257 (1981). See note 1, *supra.* "In determining whether a 'substantial issue' meriting an evidentiary hearing under rule 30 has been raised, we look not only at the seriousness of the issue asserted, but also to the adequacy of the defendant's showing on the issue raised." *Id.* at 257-258.

The defendant submitted no affidavits in support of his motion, but did submit a lengthy memorandum of law. The only substantial issue raised by the defendant was the issue regarding the judge's instructions on reasonable doubt. We can perceive of no reason why an evidentiary hearing on that issue would have been useful, however, since the issue was a question of law, not fact. No factual showing made at an evidentiary hearing could change the conclusion that the judge's instruction on reasonable doubt was adequate as a matter of law. Thus, the judge did not abuse his discretion in declining to hold a hearing.

> *Order denying motion for new*
> *trial affirmed.*