COMMONWEALTH *vs.* ALBERT E. EPSOM. March 19, 1996. *Practice, Criminal,* New trial, Assistance of counsel. *Self-Defense.*

The defendant, Albert E. Epsom, was convicted in 1984, after a jury trial, of murder in the first degree. We concluded that, the evidence, viewed in the light most favorable to the defendant, was insufficient to raise the issue of self-defense in part because there was no evidence that the defendant was assaulted or threatened outside the pub where the homicide took place. *Commonwealth* v. *Epsom,* 399 Mass. 254, 258 (1987).

In May, 1994, the defendant filed a pro se amended motion for a new

[1]Union Gulf.

trial with supporting affidavits.[1] The defendant alleged, inter alia, that his trial counsel was ineffective in failing to call an available material witness, Gina Carver, on the issue of self-defense and that his first appellate counsel was ineffective in not raising the failure to call Carver as an issue on appeal or in the first motion for a new trial. A Superior Court judge, other than the judge who presided at trial, denied the defendant's motion without a hearing. A single justice of this court allowed a limited appeal on "the issue of the failure to call Carver as a witness and on the related alleged ineffectiveness of appellate and trial counsel." See *Breese* v. *Commonwealth*, 415 Mass. 249, 251 n.2 (1993) (court only considers issues designated as substantial by single justice).

We agree with the single justice that the facts alleged in the defendant's motion and affidavits raise a new and substantial issue. *Commonwealth* v. *Ambers*, 397 Mass. 705 (1986). The affidavit from Carver presents evidence that would have supported the defendant's claim of self-defense. In particular, Carver attested that she saw Epsom backing away from the group of men outside the pub and saw men coming toward the defendant before the fatal shots were fired. This evidence, if presented at trial, would have required an instruction on self-defense. See *Commonwealth* v. *Harrington*, 379 Mass. 446, 450 (1980). The defendant is entitled to an evidentiary hearing. See Mass. R. Crim. P. 30 (c) (3), 378 Mass. 900 (1979). See also *Commonwealth* v. *Gagliardi*, 418 Mass. 562, 572 (1994), cert. denied, 115 S. Ct. 753 (1995); *Commonwealth* v. *Licata*, 412 Mass. 654, 660-661 (1992) (substantial claim of ineffective assistance of counsel requires hearing in the "interest of justice").

At the hearing on his motion for a new trial, the defendant has the burden of showing that: Carver was available at the time of trial; her testimony would have been sufficient to raise the issue of self-defense; and her testimony likely would have made a material difference.[2]

We also conclude that the defendant has raised an arguably substantial issue as to the ineffectiveness of appellate counsel in not pursuing the failure to call Carver at the time of the first motion for a new trial. We remand the motion to the Superior Court for an evidentiary hearing limited to "the

---

[1]The defendant previously had filed a motion for a new trial, during the pendency of his direct appeal, in which he alleged ineffective assistance of counsel on the ground that his trial counsel had a conflict of interest. That motion was denied. The denial was affirmed in *Commonwealth* v. *Epsom*, 399 Mass. 254, 263 (1987).

In 1989, the defendant filed a second motion for a new trial, pro se, and a request for the appointment of counsel. No action has been taken on that motion.

[2]The Commonwealth's speculations as to why Carver did not come forward before now and as to why she would not have testified at trial go to Carver's credibility and to the merits of the defendant's motion for a new trial. The Commonwealth's assertions are irrelevant to the issue whether there should be an evidentiary hearing.

issue of the failure to call Carver as a witness and on the related alleged ineffectiveness of appellate and trial counsel."

*So ordered.*

*Sabita Singh*, Assistant District Attorney, for the Commonwealth.

*Robert L. Sheketoff* for the plaintiff.