COMMONWEALTH *vs.* KEVIN SHANAHAN.

Middlesex. April 4, 1996. - May 9, 1996.

Present: LIACOS, C.J., WILKINS, LYNCH, O'CONNOR, & GREANEY, JJ.

*Practice, Criminal,* Instructions to jury, Reasonable doubt, Capital case. *Homicide. Intoxication. Malice.*

In a murder case there was no error in the judge's instruction to the jury on proof beyond a reasonable doubt. [632]

A defendant in a murder trial was not entitled to a jury instruction on the effect of his intoxication on the issue of extreme atrocity or cruelty where the evidence did not warrant any such instruction; moreover, the judge did not foreclose consideration of intoxication on the issue in his instruction to the jury. [632]

There was no error, at a murder trial, in the judge's instruction on malice; moreover, any alleged error in defining the third aspect of malice would be irrelevant as the jury found deliberate premeditation. [632-633]

INDICTMENTS found and returned in the Superior Court Department on August 5, 1993.

The cases were tried before *Robert A. Barton,* J.

*William J. Brown* for the defendant.

*Rosemary Daly Mellor,* Assistant District Attorney, for the Commonwealth.

WILKINS, J. The defendant appeals from his conviction of murder in the first degree on the theories of deliberate premeditation and extreme atrocity or cruelty. He also appeals from his conviction of larceny of a motor vehicle. There was no error, and there is no basis for granting relief under G. L. c. 278, § 33E (1994 ed.).

The circumstances of the crimes are not crucial to the issues argued on appeal, only one of which trial counsel preserved for appellate review.

We summarize the basic facts. The jury would have been warranted in finding that on July 22, 1993, the defendant went to his estranged wife's Arlington home where he struck her numerous times on the face and head with a blunt object

and stabbed her in her face. She died from multiple compound comminuted skull fractures. The defendant placed his wife's body in her motor vehicle and drove to an area near Logan Airport where he dug a grave and buried her. The defendant, who later, through an attorney, disclosed the location of his wife's body to the district attorney's office, did not dispute that he had killed her. He claimed that he lacked criminal responsibility for his actions. The defendant and the Commonwealth presented expert testimony on the issue of the defendant's criminal responsibility.

1. The defendant objected to the judge's use of the words "moral certainty" and "moral evidence" in giving an instruction on proof beyond a reasonable doubt that was substantially based on language in *Commonwealth* v. *Webster*, 5 Cush. 295, 320 (1850). The language used by the judge satisfied constitutional requirements, both Federal (see *Victor* v. *Nebraska*, 114 S. Ct. 1239, 1245-1248 [1994]) and State (see *Commonwealth* v. *Pinckney*, 419 Mass. 341, 344-345 [1995]; *Commonwealth* v. *Gagliardi*, 418 Mass. 562, 571-572 [1994], cert. denied, 115 S. Ct. 753 [1995]). There was no error.

2. The defendant now objects to the absence of any jury instruction concerning the effect of his intoxication from alcohol on the question whether he killed the victim with extreme atrocity or cruelty. The defendant did not request such an instruction nor did he object at trial to the absence of such an instruction. We consider the issue pursuant to our duty under G. L. c. 278, § 33E, to determine whether there was a substantial likelihood of a miscarriage of justice.

It is true that, if there is evidence of a defendant's intoxication, the jury should be told at least in general terms to consider it in determining whether the defendant acted with extreme atrocity or cruelty. See *Commonwealth* v. *Perry*, 385 Mass. 639, 649 (1982). The weakness in the defendant's argument is that there was no evidence that he was under the influence of alcohol, or even had been drinking, when he killed his wife. Moreover, the judge did not foreclose consideration of intoxication, had there been evidence of it, because he told the jury that they should consider the defendant's mental condition, including any impairment, in determining whether the defendant committed the murder with extreme atrocity or cruelty.

3. There was no error in the judge's instruction on malice

to which the defendant did not object at trial. In any event, an asserted error in defining the third aspect of malice would not be grounds for reversal because the jury found deliberate premeditation to which the third aspect of malice has no application. See *Commonwealth* v. *Judge,* 420 Mass. 433, 441-442 (1995).

4. We have considered the entire record and see no basis for granting relief pursuant to G. L. c. 278, § 33E.

*Judgments affirmed.*