*833 Defense counsel did not object to these instructions.'
1. Beyond a reasonable doubt. Failure to give constitutionally sufficient instructions on reasonable doubt results in a substantial risk of a miscarriage of justice. Commonwealth v. Gagliardi, 418 Mass. 562, 568 (1994), cert, denied, 513 U.S. 1091 (1995). This is especially so where the defendant’s case depended entirely on the cross-examination of the Commonwealth’s witnesses. Here, in her unelaborated charge, the judge did not adequately explain the Commonwealth’s burden to prove the defendant guilty of the crimes charged beyond a reasonable doubt. See Gagliardi, supra (reasonable doubt instructions are constitutionally deficient if they “permit[] the jury to convict the defendant on proof less than proof beyond a reasonable doubt”); Commonwealth v. Pinckney, 419 Mass. 341, 344 (1995) (“use of the phrase [‘moral certainty’] was not reversible error where it was used with an additional instruction which impressed upon the fact-finder the need to reach a subjective state of near certitude of the guilt of the accused”). See also Commonwealth v. Therrien, 371 Mass. 203, 207 (1976) (instructions sufficient where the judge described “the type of sureness that is required in the term beyond a reasonable doubt”); Commonwealth v. Littleton, 38 Mass. App. Ct. 951, 952 (1995) (language sufficient where it “stressed the high degree of certainty required for conviction”). Her cursory words to the jurors regarding reasonable doubt are, at best, ambiguous. In her apparent attempt to paraphrase a part of the model jury instructions, the judge neither elaborated on the meaning of reasonable doubt nor linked “moral certainty” with other explanatory words. See Model Jury Instructions for Use in the District Court, Instruction 2.05, first par. (1995). See also Commonwealth v. Therrien, 371 Mass, at 208 (judges are discouraged from attempting “freehand embellishments of the standard reasonable doubt charge . . . which can only create uncertainty and breed needless appeals”); Commonwealth v. Beldotti, 409 Mass. 553, 562 (1991); Commonwealth v. Gagliardi, supra at 571 (term “moral certainty” must be linked with other language lending content to the phrase). As such, the judge’s instructions were not only inconsistent with the model jury instructions but constitutionally deficient so as to create a substantial risk of a miscarriage of justice.
2. Presumption of innocence. While there is no constitutional requirement to charge the jury to presume the defendant innocent, Commonwealth v. Drayton, 386 Mass. 39, 46 (1982), judges’ instructions on the Commonwealth’s burden of proof must “amply fulfil]] the protective purposes of a specific instruction on the presumption of innocence.” Id. at 47. Commonwealth v. McGahee, 393 Mass. 743, 753 (1985). See Commonwealth v. Blanchette, 409 Mass. 99, 105 (1991) (“judges need not give any content to the phrase ‘presumption of innocence’ if the instructions make clear that an indictment does not imply guilt”). See also Commonwealth v. Boyd, 367 Mass. 169, 188 (1975) (“The presumption of innocence serves as a focus on the prosecutor’s burden of producing evidence of guilt and persuading the jury of the guilt beyond a reasonable doubt”). Here, as the judge’s instructions did not fulfil these protective functions by either making clear to the *834 jurors that the complaint against the defendant did not imply guilt or reinforcing the extent of the Commonwealth’s burden of proof, the judge should have specifically instructed on the presumption of innocence, and her failure to do so was error. See Model Jury Instructions for Use in the District Court, Instruction 2.04 (1988).
Lisa J. Stephani for the defendant.
Nicole M. Procida, Assistant District Attorney, for the Commonwealth.
3. Unanimity. A specific unanimity instruction is required only where a guilty finding can be based upon an alternate set of facts or theories. Commonwealth v. Ramos, 31 Mass. App. Ct. 362, 366-367 (1991). Those circumstances were not present here. The cases the defendant cites, Commonwealth v. Berry, 420 Mass. 95, 112 (1995), which concerned the need to give a specific unanimity instruction where a defendant has been charged with murder in the first degree, and Commonwealth v. Hebert, 379 Mass. 752, 754-755 (1980), which involved a judge’s improper dialogue with a juror to achieve a unanimous verdict, are inapt.
Moreover, as the transcript shows that the jury unanimously affirmed the verdicts, the absence of a general unanimity instruction did not result in a substantial risk of a miscarriage of justice. Commonwealth v. Keevan, 400 Mass. 557, 567 (1987).

Judgments reversed.

Verdicts set aside.