COMMONWEALTH *vs.* JOSEPH F. LABRIOLA.

Norfolk. November 5, 1999. - January 14, 2000.

Present: MARSHALL, C.J., ABRAMS, LYNCH, GREANEY, IRELAND, SPINA, & COWIN, JJ.

*Practice, Criminal,* Instructions to jury, Reasonable doubt. *Words,* "Moral certainty."

A Superior Court judge did not err in denying a criminal defendant's fourth motion for a new trial (after his conviction in 1973 of murder in the first degree), where the trial judge's uses of the term "moral certainty," in his charge to the jury on reasonable doubt and circumstantial evidence, were in contexts that emphasized the high level of certainty required to convict and, reading the charge as a whole, did not unconstitutionally lower the Commonwealth's burden of proof. [570-576]

INDICTMENT found and returned in the Superior Court on June 4, 1973.

Following review by this court, 370 Mass. 366 (1976), a motion for postconviction relief, filed on September 7, 1995, was heard by *Stephen E. Neel,* J., and a motion for reconsideration was heard by *Charles F. Barrett,* J.

A request for leave to appeal was heard by *Marshall,* J.

*Wendy H. Sibbison* for the defendant.

*Robert C. Cosgrove,* Assistant District Attorney, for the Commonwealth.

IRELAND, J. On September 27, 1973, the defendant was convicted by a jury of murder in the first degree. The conviction and the denial of the defendant's first motion for a new trial were affirmed by this court. See *Commonwealth* v. *LaBriola,* 370 Mass. 366, 368 (1976). In 1995, the defendant filed his fourth motion for a new trial, arguing that the nine uses of the term "moral certainty" in the reasonable doubt and circumstantial evidence instructions unconstitutionally lowered the Commonwealth's burden of proof. The motion judge, who was not the trial judge, denied the motion. A single justice of this court allowed the defendant's application for leave to ap-

peal. See *Commonwealth* v. *Ambers*, 397 Mass. 705, 706 (1986); G. L. c. 278, § 33E.[1] We conclude the jury instructions were not erroneous and affirm the order denying the motion for a new trial.

Following the United States Supreme Court's decision in *Victor* v. *Nebraska*, 511 U.S. 1 (1994),[2] this court has recognized that the use of the term "moral certainty" in isolation may constitute reversible error. See *Commonwealth* v. *Pinckney*, 419 Mass. 341, 343-344 (1995); *Commonwealth* v. *Gagliardi*, 418 Mass. 562, 571 (1994), cert. denied, 513 U.S. 1091 (1995). We have also stated that, if the term is linked to language that lends content to it — that is, if it is used in a context which emphasizes the high level of certainty required in order to convict a defendant — there is no error. See, e.g., *Commonwealth* v. *Pinckney*, *supra* at 344-345. The question we are thus confronted with is whether "the moral certainty language was used in a context which adequately stressed to the jury the high degree of certainty required before convicting a defendant." *Id.* at 343 n.1.[3]

---

[1]The Commonwealth argues that the issue the defendant now raises was sufficiently developed at the time of his 1986 motions for a new trial, and should therefore be considered waived. When the matter was before the single justice however, the Commonwealth did not raise the issue of waiver, and indeed, conceded the "newness" of the issue. We therefore consider the only issue properly before us to be the issue referred to us by the single justice. See *Commonwealth* v. *Ambers*, 397 Mass. 705, 706 (1986). See also *Commonwealth* v. *Pinckney*, 419 Mass. 341, 342-343 (1995), and cases cited (discussing development of case law questioning use of "moral certainty"); *Commonwealth* v. *Therrien*, 428 Mass. 607, 609 n.4 (1998), and cases cited (discussing development of case law and waiver issue).

[2]In *Victor* v. *Nebraska*, 511 U.S. 1, 11-13 (1994), the United States Supreme Court examined the history of the phrase "moral certainty" and concluded that the meaning of the phrase may have changed from its historical definition as the highest degree of certainty to something that a modern jury might understand to mean "something less than the very high level of probability required by the [United States] Constitution in criminal cases." *Id.* at 14. The Court stated that the phrase was ambiguous and cautioned judges against its use. See *id.* at 14, 16-17. The Court nevertheless held that the use of the term in a jury instruction was not reversible error so long as the remainder of the instruction lent content to the phrase such that a jury would understand "the need to reach a subjective state of near certitude of the guilt of the accused" before conviction. *Id.* at 15.

[3]When reviewing jury instructions, whether on direct appeal or collateral attack, we examine the challenged language, in the context of the charge as a whole, in order to determine whether "a reasonable juror could have used the

The defendant argues that the term "moral certainty" was not used in a sufficient context in the jury instruction given at his trial because, although the judge twice coupled "moral certainty" with abiding conviction language, the judge's seven other "unadorned" uses of "moral certainty" canceled out any explanatory value of the abiding conviction language. The defendant further argues that the judge's failure to give the full *Webster* charge aggravated the potential confusion. See *Commonwealth* v. *Webster*, 5 Cush. 295, 320 (1850).[4] We disagree with the defendant's characterization of the references and we disagree with his conclusion.

Within the reasonable doubt instruction, the judge used the phrase "moral certainty" five times.[5] The first and fifth uses of moral certainty are followed immediately by language to the ef-

___

instruction incorrectly." *Commonwealth* v. *Smith*, 427 Mass. 245, 249-250 & n.6 (1998), quoting *Commonwealth* v. *Anderson*, 425 Mass. 685, 688 (1997) (explaining that standard of review under art 12 of the Massachusetts Declaration of Rights is more favorable to a defendant than the "reasonable likelihood" Federal standard). See *Commonwealth* v. *Gagnon*, ante 348, 349-350 (1999); *Commonwealth* v. *Rosa*, 422 Mass. 18, 27 (1996). If there were errors in the reasonable doubt instruction which allowed the jury to convict the defendant on a burden of proof less than beyond a reasonable doubt, then such error would necessarily require a new trial. See *Sullivan* v. *Louisiana*, 508 U.S. 275, 279 (1993); *In re Winship*, 397 U.S. 358, 364 (1970); *Commonwealth* v. *Pinckney*, *supra* at 342. Therefore, discussion of the level of review, i.e., harmless error, substantial risk, or substantial likelihood, is unnecessary. Cf. *Commonwealth* v. *Gagliardi*, 418 Mass. 562, 568 (1994), cert. denied, 513 U.S. 1091 (1995) (error in instructions that allowed conviction on proof less than beyond a reasonable doubt very likely created substantial risk of miscarriage of justice).

[4]The defendant also argues that other errors in the jury charge increased the likelihood of confusion over the proper standard of proof and that the prosecutor undermined the standard of proof in closing argument. As we noted in *Commonwealth* v. *Pinckney*, *supra* at 343 n.1, and as the defendant subsequently recognized, we do not consider other alleged errors in the instruction which were not reported by the single justice as a basis for reversing a conviction. Instead, because we always examine a jury charge as a whole, we consider the balance of the jury charge only "in order to determine whether the context in which the moral certainty language was used adequately clarified the proper meaning of the phrase." *Id.* Other arguments unrelated to the jury charge we do not address. See G. L. c. 278, § 33E; *Commonwealth* v. *Ambers*, *supra* at 711.

[5]The judge instructed the jury on reasonable doubt as follows (uses of moral certainty are numbered and highlighted for ease of reference):

"[A] fact is proved beyond a reasonable doubt when it is proved to a [1] *moral certainty*. When you are satisfied in your minds and

fect that the jurors must be satisfied in their minds and consciences as reasonable people as to the existence of any fact. This language lends at least marginally sufficient context and adequately conveys the high level of certainty required. Cf. *Commonwealth* v. *Smith*, 427 Mass. 245, 254 (1998) (instruction upheld that, in part, equated moral certainty with satisfaction according to the jurors' conscience). The second and fourth uses of "moral certainty" are made in the context of a verbatim *Webster* charge, and are expressly linked to abiding conviction language. Not only is the use of "moral certainty" in the context of a *Webster* charge acceptable, the use of the abiding convic-

> consciences as reasonable men as to the existence of a fact and it is established to that degree of certainty, then that fact is established beyond a reasonable doubt.

> "Now, it doesn't mean proof beyond any doubt because hardly if ever would there be a combination of circumstances so conclusive that there wouldn't be some doubt. And, certainly, when we speak of reasonable doubt, we don't mean the doubt that is lingering in the mind of a person who is looking for reason to doubt. This isn't what we mean. We are talking about reasonable doubt, not unreasonable doubt.

> "Another judge a long while ago, in defining what I have just said to you, put it this way. And I am quoting now from the case of Commonwealth vs. Webster and the words of Chief Justice Shaw. In defining reasonable doubt he said:

>> 'It is that state of the case, which, after the entire comparison and consideration of all the evidence, leaves the minds of jurors in that condition that they cannot say they feel an abiding conviction, to a [2] *moral certainty*, of the truth of the charge.'

> "Well, of course, he said it somewhat differently and they spoke a little differently a hundred years ago than what we do now. But, in effect, he said, as I have told you here, that it is proof to a [3] *moral certainty* that this man and no one else committed this crime.

> "The law doesn't lend itself to the niceties of technology. We can't feed information in one end of a computer and have the answer come out the other end. We have juries. We have witnesses. And, as Justice Shaw said, it is done by the comparison and evaluation of the evidence by the jury. And when you have reached the point, as he uses the words, where you have an abiding conviction to a [4] *moral certainty* — and I have stated that it is when you are satisfied in your minds and consciences as reasonable men to a [5] *moral certainty* — when a fact is proved to that standard, then that fact may be and is proved beyond a reasonable doubt."

tion language "does much to alleviate any concerns that the phrase 'moral certainty' might be misunderstood in the abstract." *Victor* v. *Nebraska, supra* at 21. See *Commonwealth* v. *Andrews,* 427 Mass. 434, 444 (1998) (use of moral certainty in context of traditional *Webster* charge is sufficient); *Commonwealth* v. *Wilson,* 427 Mass. 336, 355 (1998) (same); *Commonwealth* v. *Bonds,* 424 Mass. 698, 703 (1997) (same); *Commonwealth* v. *Pinckney, supra* at 344-345 (no requirement that full *Webster* charge be given as long as other language lends content to moral certainty language); *Commonwealth* v. *Beldotti,* 409 Mass. 553, 562 (1991) (no error in use of "moral certainty" as part of or in conjunction with *Webster* charge). Thus, within the reasonable doubt instruction, it is only the third use of moral certainty that is not immediately followed by content-lending language. Neither, however, is the phrase followed by contradictory or confusing language. Cf. *Commonwealth* v. *Pinckney, supra* at 347-349 (1995) (reversible error where judge followed uses of "moral certainty" with conflicting, and sometimes incorrect, formulations of reasonable doubt). We have never held that "moral certainty" must be *immediately followed* by content-lending language, only that .it must be *linked* with such language. See, e.g., *Commonwealth* v. *Wilson, supra* at 355 (use of "moral certainty" is not per se error). But see *Commonwealth* v. *Gagliardi, supra* at 571 (no error where, in each instance judge used "moral certainty," "he immediately expounded on that concept"). Although the third use of "moral certainty" is not immediately followed by explanatory language, we think its use is sufficiently linked to other content-lending language within the reasonable doubt instruction and conclude, based on the above factors, that the reasonable doubt instruction did not unconstitutionally lower the Commonwealth's burden.

Within the circumstantial evidence portion of the charge, the judge used the phrase "moral certainty" four times.[6] Immediately following the first use of "moral certainty," the jury

---

[6]The judge instructed the jury on circumstantial evidence as follows (uses of "moral certainty" are numbered and highlighted for ease of reference):

"The true rule respecting the probative value or probative character — and when I say probative, I mean the capacity of the evidence to establish a fact, to prove something — of circumstantial evidence is well settled. It is that the circumstances must be such to produce a [1] *moral certainty* of guilt and to exclude any other reasonable hypothesis;

were told that the evidence must exclude any other reasonable hypothesis. In the second use, the judge instructed that the jury must reach a "reasonable and moral certainty that the accused and no one else committed the offense charged." We think that both of these references adequately explain the level of certainty required. See *Commonwealth* v. *Painten*, 429 Mass. 536, 545 (1999) (reference in jury instruction to "reasonable and moral certainty" is consistent with *Webster* and endorsed by *Victor* v. *Nebraska*, *supra* at 11). The judge's third use of "moral certainty" is merely a recalling of the term, and is therefore entirely neutral. Within the circumstantial evidence charge, it is therefore only the fourth reference that is neither merely a neutral reference nor immediately followed by explanatory language. As discussed above, however, this does not create per se error, particularly where, as here, the use of the phrase is not followed by a contradictory or confusing formulation of reasonable doubt. Rather, we conclude that moral certainty as a concept was properly clarified in the reasonable doubt instruction and in the previous uses in the circumstantial evidence portion of the charge, and thus, all references to moral certainty are sufficiently linked to content-lending language. See *Commonwealth* v. *Bush*, 427 Mass. 26, 32 & n.4 (1998) (judge's instruction that in case based on circumstantial proof defendant could be found guilty "only if [the] circumstances are conclusive enough to leave you with a moral certainty [of his guilt]" was adequately balanced with burden of proof instruction and explanation of reasonable doubt

---

that the circumstances taken together should be of a conclusive nature and tendency leading on the whole to a satisfactory conclusion and producing, in effect, a reasonable and [2] *moral certainty* that the accused and no one else committed the offense charged.

"And you will recall sometime back in my remarks, I used the expression [3] *moral certainty*, and we come right back to it now. When the existence of all the facts necessary to establish the fact to be proved — and the fact to be proved here is the identity of the person who was responsible for the death of [the victim] — when the existence of those facts necessary to establish a chain of circumstances to prove that it was this defendant who committed the act has been established to your satisfaction, when you are satisfied to a [4] *moral certainty* on each of those facts, then that circumstantial evidence has established the existence of the main fact to be proved."

in accord with *Webster*).[7]

We further point out that the reasonable doubt and circumstantial evidence charges were free from other types of errors — such as warning the jury against holding the Commonwealth to too high a standard or warning against the dangers of lawlessness, see, e.g., *Commonwealth* v. *Smith*, 427 Mass. 245, 250 (1998); *Commonwealth* v. *Pinckney, supra* at 347-348 (error in jury instruction compounded by presence of language found defective in *Commonwealth* v. *Madeiros*, 255 Mass. 304 [1926]), or comparing reasonable doubt with numeric examples or with the certainty necessary in personal decisions. See, e.g., *Commonwealth* v. *Andrews*, 427 Mass. 434, 444-445 (1998) (no error where moral certainty language used in context of *Webster* charge and not explained with examples from everyday life); *Commonwealth* v. *Bonds*, 424 Mass. 698, 703 (1997) ("instructions which equate proof beyond a reasonable doubt with moral certainty, and then gave no content to the phrase 'moral certainty' except to compare it with the certainty required to make important personal decisions cannot withstand constitutional scrutiny"); *Commonwealth* v. *Rembiszewski*, 391 Mass. 123, 134 (1984) (instruction was error that conveyed to jury that they were to equate proof beyond a reasonable doubt, proof to a moral certainty, and proof to a degree of certainty that jurors would want in making decisions about their futures). See also *Commonwealth* v. *Rosa*, 422 Mass. 18, 28 (1996) (judges should avoid numeric examples). These types of errors significantly contributed to our ordering new trials in some cases, and their absence in this case thus further distinguishes these instructions.

Based on the above factors, and reading the reasonable doubt and circumstantial evidence charges, as well as the entire charge, as a whole, we conclude that a reasonable juror could not have understood the phrase "moral certainty" unconstitutionally to lower the Commonwealth's burden of proving the defendant

---

[7]The Commonwealth also argues that, because inferences do not need to be proved beyond a reasonable doubt — they need only be reasonable and possible — a circumstantial evidence charge that requires the Commonwealth to prove inferences to a moral certainty is more than that to which a defendant is entitled. In light of the conclusions we reach, we do not address this argument.

guilty beyond a reasonable doubt. See note 3, *supra.*

*Order denying motion for a new trial affirmed.*