NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-124

COMMONWEALTH

vs.

SCOTT T. CARNEY.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a trial in the District Court, a jury convicted the defendant, Scott T. Carney, of assault.[1] Because the trial judge failed to provide a jury instruction defining reasonable doubt, we vacate the judgment.[2]

Background. On March 18, 2021, Norton police dispatch received a call for a "well-being check" at a residence in Norton. The caller reported that an individual at that address

_____

[1] The defendant was convicted of "simple assault" as a lesser included offense of assault and battery on a police officer. He was also charged with one count of assault and battery and found not guilty.

[2] The result we reach obviates any need to address the defendant's other claims on appeal that (1) the judge provided an erroneous instruction on intoxication and mental impairment, (2) the Commonwealth's closing argument constituted reversible error, and (3) there was no evidence warranting the judge's lesser included offense instruction.

had threatened suicide.  Three Norton police officers, accompanied by emergency medical technicians (EMTs) responded and were met at the door by the defendant's mother.  She led them into the basement to check on the defendant who was found lying on a bed and appeared intoxicated to the officers.

On examination of the defendant's phone, the police discovered text messages indicating that the defendant planned to overdose.  Concerned for the defendant's well-being, the officers attempted to take him to a hospital.  The defendant initially agreed to go and started walking toward the door. Officers informed the defendant that they would need to conduct a patfrisk for weapons before allowing him into the ambulance. As the officers began the frisk, the defendant became agitated, and "started yelling" and swearing, and pulled away.  The defendant clenched his fists and stiffened his posture as he walked toward the door, which prompted one of the officers to grab him and inform him that they had to finish the frisk.  As the encounter escalated, the defendant flailed his feet, kicked toward the officers, thrashed around for five to ten minutes, swore at the officers, and attempted to gather saliva in his mouth to spit toward them.  The defendant was eventually subdued and brought to the hospital in the ambulance.

Discussion.  The present case suffers from a glaring infirmity:  the judge did not provide an instruction defining

reasonable doubt.  In <u>Commonwealth</u> v. <u>Russell</u>, 470 Mass. 464,

477 (2015), the Supreme Judicial Court exercised its "inherent

supervisory power to require a uniform instruction on proof

beyond a reasonable doubt" pursuant to G. L. c. 211, § 3.[3]  In

---

[3] In <u>Russell</u>, 470 Mass. at 477-478, the court specified that going forward, Massachusetts judges sitting on criminal trials must instruct the jury as follows:

> "The burden is on the Commonwealth to prove beyond a reasonable doubt that the defendant is guilty of the charge(s) made against him (her).

> "What is proof beyond a reasonable doubt?  The term is often used and probably pretty well understood, though it is not easily defined.  Proof beyond a reasonable doubt does not mean proof beyond all possible doubt, for everything in the lives of human beings is open to some possible or imaginary doubt.  A charge is proved beyond a reasonable doubt if, after you have compared and considered all of the evidence, you have in your minds an abiding conviction, to a moral certainty, that the charge is true. When we refer to moral certainty, we mean the highest degree of certainty possible in matters relating to human affairs -- based solely on the evidence that has been put before you in this case.

> "I have told you that every person is presumed to be innocent until he or she is proved guilty, and that the burden of proof is on the prosecutor.  If you evaluate all the evidence and you still have a reasonable doubt remaining, the defendant is entitled to the benefit of that doubt and must be acquitted.

> "It is not enough for the Commonwealth to establish a probability, even a strong probability, that the defendant is more likely to be guilty than not guilty.  That is not enough.  Instead, the evidence must convince you of the defendant's guilt to a reasonable and moral certainty; a certainty that convinces your understanding and satisfies your reason and judgment as jurors who are sworn to act conscientiously on the evidence.

3

the present case, it is beyond dispute that the judge did not provide the instruction required by Russell, supra at 477-478. We are aware of cases in which we have held that a deviation from the language required by Russell was nonetheless not constitutionally deficient. See, e.g., Commonwealth v. Whitson, 97 Mass. App. Ct. 798, 799 (2020) (judge's omission of portion of Russell instruction defining "moral certainty" did not mandate reversal). In the present case, however, the judge provided no definition or explanation whatsoever of "reasonable doubt." We are unaware of any published appellate case or other binding authority in Massachusetts upholding a conviction where the jury charge contained such an omission.[4] Indeed,

---

"This is what we mean by proof beyond a reasonable doubt."

[4] The judge referenced the term "moral certainty" in his instructions, but only in the context of explaining circumstantial evidence. He stated:

> "If the Commonwealth's case is based solely on its circumstantial evidence, you may find the defendant guilty only if those circumstances are conclusive enough to leave you with a moral certainty, a clear and settled belief, the defendant is guilty and that there is no other reasonable explanation of the facts as proven."

Viewing the instructions as a whole, this brief mention of moral certainty did not convey to the jury the meaning of reasonable doubt within the requirements of Russell, 470 Mass. at 477-478, or other precedent. Contrast Commonwealth v. Veiovis, 477 Mass. 472, 490 (2017) (judge's omission of language defining moral certainty did not create risk that jury did not understand reasonable doubt standard where he otherwise adhered to language defining reasonable doubt).

4

Massachusetts courts have found a substantial risk of a miscarriage of justice in cases where the instructions defined reasonable doubt, but inadequately so. See, e.g., Commonwealth v. Rembiszewski, 391 Mass. 123, 133-134 (1984) (where jury instructed to "treat proof beyond a reasonable doubt, proof to a moral certainty, and proof to a degree of certainty that the jurors would want in making decisions about their futures as equivalent concepts," judge repeatedly stating that Commonwealth had burden of proof beyond reasonable doubt made no difference because "jury's knowledge of which party had the burden did not inform them with respect to the extent of that burden"); Commonwealth v. Wood, 380 Mass. 545, 547 (1980) (judge's erroneous instruction that reasonable doubt is "that doubt which amounts to a moral certainty" amounted to substantial risk of miscarriage of justice); Commonwealth v. Viera, 42 Mass. App. Ct. 916, 916-917 (1997) (despite instruction that "beyond a reasonable doubt mean[s]" that "[t]he evidence taken in its totality must establish the truth of the fact to a reasonable and moral certainty . . . [a] certainty which convinces and directs the understanding, satisfies the reason and judgment of those who are bound to act conscientiously upon it," substantial risk of miscarriage of justice existed because judge's "cursory words to the jurors regarding reasonable doubt were, at best, ambiguous. In her apparent attempt to paraphrase a part of the

5

model jury instructions, the judge neither elaborated on the meaning of reasonable doubt nor linked 'moral certainty' with other explanatory words").  Accordingly, we conclude that the failure to provide an instruction explaining reasonable doubt created a substantial risk of a miscarriage of justice.[5]  See generally Commonwealth v. Ferreira, 373 Mass. 116, 128 (1977) ("no part of the usual instructions to juries in criminal cases is of more significance than the discussion of reasonable doubt").

[5] Our holding is limited to the unique facts and posture of this case.

The judgment is vacated, and the verdict is set aside.[6]

So ordered.

By the Court (Green, C.J.,
  Blake, Neyman, Shin &
  Smyth, JJ.[7]),

*Joseph F. Stanton*

Clerk

Entered:   August 24, 2023.

---

[6] We note that:

> "We are acutely aware of the [potential] hardship imposed
> on all those involved by the need to conduct a [possible]
> second trial in this case.  Either party, however, could
> have prevented the need for reversal here by pointing out
> to the judge at trial the obvious error contained in his
> charge."

Wood, 380 Mass. at 550.  We remind judges and counsel in future
cases to provide the Russell instruction verbatim.  See Russell,
470 Mass. at 477-478.

[7] The panelists are listed in order of seniority.